Michael E. DuVALL, Plaintiff,

v.

The POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, Defendant.[1]

Civ. A. No. 83–2663.

United States District Court, District of Columbia.

June 1, 1984.

Charles G. Aschmann, Jr., Alexandria, Va., for plaintiff.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Asst. U.S. Atty., and Stanley F. Echols, Sp. Asst. U.S. Atty., Washington, D.C., for defendant; Anthony W. DuComb, U.S. Postal Service, Washington, D.C., of counsel.

CHARLES R. RICHEY, District Judge.

Before the court is defendant's motion to dismiss this employment discrimination complaint and plaintiff's opposition thereto. Defendant asserts that the action should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) because plaintiff has failed to exhaust his administrative remedies, because intervening events have rendered the case moot, and because the complaint fails to state a claim upon which relief can be granted. The "intervening events" relevant to this case are plaintiff's termination by the Postal Service in December 1983 for filing false claims for unemployment benefits and his subsequent guilty plea to that charge, 18 U.S.C. § 287, on May 18, 1984. Upon consideration of the entire record, particularly plaintiff's formal and informal Equal Employment Opportunity (EEO) complaints, the court finds that some of plaintiff's claims are barred for failure to exhaust administrative remedies and that the remainder are moot because they are not compensable by this court. The complaint will therefore be dismissed.

Plaintiff's amended complaint relies on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilita-

**1376**

tion Act of 1973, 29 U.S.C. § 791.[2]  It is premised on four formal EEO complaints filed between October 1982 and July 1983. Mr. DuVall alleges that his supervisors at the United States Postal Service engaged in a pattern of harassment and discrimination against him because of his race (mixed Hispanic and European), his color (light brown), and his physical handicap (occupational back injury).  He also alleges that he was subject to reprisals for filing prior EEO complaints.

*Plaintiff failed to exhaust his administrative remedies for some claims due to late EEO notification*

■ Title VII of the Civil Rights Act of 1964, § 717, "provides for a careful blend of administrative and judicial enforcement powers." *Brown v. General Services Administration,* 425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976).  The Rehabilitation Act requires the same administrative prerequisites as Title VII.  29 U.S.C. § 794a(a)(1).  *See* 29 C.F.R. § 1613.708; *Bey v. Bolger,* 540 F.Supp. 910 (E.D.Pa.1982).  Exhaustion of available administrative remedies is a prerequisite to a federal court suit.  *Brown, supra; Kizas v. Webster,* 707 F.2d 524, 543–46 (D.C.Cir. 1983); *Shehadeh v. C & P Telephone,* 595 F.2d 711, 717–18 (D.C.Cir.1978).

■ The regulation applicable to plaintiff's claims provides that a complaint will be timely only if:

> [t]he complainant brought to the attention of the Equal Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 days of its effective date . . . .

29 C.F.R. § 1613.214(a)(1)(i).  A court need not consider a complaint brought outside the 30-day period, even if the agency itself investigated the untimely claim.  *See, e.g., Oaxaca v. Roscoe,* 641 F.2d 386, 390 (5th

Cir.1981); *Stockton v. Harris,* 434 F.Supp. 276, 280 (D.D.C.1977).  A review of Mr. DuVall's EEO records show that he complied with the 30-day rule only intermittently.

■ Plaintiff's first informal complaint involved three incidents in September 1982. Mr. DuVall requested EEO counseling on September 2nd and his first interview was scheduled on September 22nd.  His discrimination charge was based on the facts that 1) his supervisor denied him the right to review a transfer recommendation and would not include specific information as requested; 2) another supervisor said that he "did not appreciate" plaintiff's filing of an EEO complaint; and 3) a supervisor told him that his work was unsatisfactory, that he should stop talking, and delayed his going to the medical unit.  The court finds that these charges were presented to an EEO officer within the required 30-day period.

Plaintiff's second informal EEO complaint, in contrast, contained allegations that were *not* timely.  Mr. DuVall waited until July 15, 1982, to object to his transfer from one work area to another during the first week of May, and until August 24th to protest his non-payment for leave taken July 21st.  Nevertheless, an EEO officer investigated these claims, along with those raised in the first complaint, and two others: first, that the plaintiff was not allowed to use a stick to help reach mail, and second, that management allowed a fellow employee to throw mail at him.  The EEO report found on June 27, 1983, that there had been no discrimination on any occasion. Mr. DuVall has failed to advance any basis for equitable tolling of the 30-day rule. Out of the charges raised in the first two complaints, therefore, the court will consider only plaintiff's three timely charges from the initial informal complaint.

---

**2.** Plaintiff's fifth amendment claim was dismissed by the court on January 6, 1984, on a motion for partial summary judgment because these two statutes form a comprehensive remedial scheme for discrimination in federal employment. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Kizas v. Webster,* 707 F.2d 524 (D.C. Cir.1983).

Mr. DuVall's third and fourth formal complaints present additional timely allegations which are thus properly before this court. On December 28, 1982, he requested counseling because a supervisor allegedly harassed him by requesting proof to support emergency annual leave taken during the Christmas rush. This was the basis for his third complaint. The fourth and final complaint concerned a prompt claim that Mr. DuVall was denied the use of a proper chair or rest bar, necessary due to his back injury. Although defendant argues that these two complaints raise only handicap discrimination, plaintiff's claim that they were part of a continuing pattern of harassment and conspiracy, and his allusion to his earlier complaints, indicate his intent to incorporate by reference his charges of race and color discrimination as well. These two claims, like the three raised in Mr. DuVall's first complaint, are properly before the court. All others are dismissed for failure to exhaust administrative remedies before filing this suit in federal court. Due to intervening circumstances, however, even the timely claims have become moot and must also be dismissed.

*Plaintiff's termination for reasons unrelated to this suit renders his timely claims moot*

■ The only relief to which plaintiff could conceivably be entitled is injunctive: that his employer stop discriminating against him and harassing him. Mr. DuVall's factual allegations are simply that his supervisors would not let him review a recommendation; that they told him to stop talking and that they did not appreciate his EEO activities; that documentation was requested to support emergency leave; and that they denied him use of a rest bar or suitable chair. None of these provide any basis for monetary relief, such as back pay. It is also clear that compensatory and punitive damages are unavailable under Title VII and the Rehabilitation Act, which call instead for equitable relief. *Walker v. Ford Motor Co.,* 684 F.2d 1355, 1363–65 (11th Cir.1982); *Bundy v. Jackson,* 641 F.2d 934, 946 n. 12 (D.C.Cir.1981); *DeG-*

*race v. Rumsfeld,* 614 F.2d 796, 808 (1st Cir.1980). *See also Bey v. Bolger,* 540 F.Supp. 910 (E.D.Pa.1982).

■ Mr. DuVall's claims for injunctive relief are now moot, however, because he was discharged from the Postal Service for reasons completely unrelated to this suit. Along with twenty-two other employees, he was dismissed in December 1983 for submitting false information to the D.C. Department of Employment Services to receive unemployment benefits to which he was not entitled. In light of Mr. DuVall's guilty plea to one count under 18 U.S.C. § 287 on May 18, 1984, there appears to be no possibility of reinstatement.

■ This court lacks the authority to adjudicate moot claims. *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974). The constitutional requirement of an actual case or controversy is a continuous one, not merely a determination that can be made at the outset of litigation.

> [J]urisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur, ... and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

*County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (citations omitted). This case clearly fits the pattern described by the Supreme Court. Since plaintiff no longer works for the Postal Service, there is simply no current discrimination or retaliation to enjoin, assuming *arguendo* that plaintiff's allegations are true. Nor is there any possibility of future harm to plaintiff through the allegedly discriminatory acts of this defendant. Finally, any "effects" of the alleged discrimination and reprisals were eradicated by Mr. DuVall's firing and subsequent guilty plea. *See Ezell v. Mobile Housing Board,* 709 F.2d 1376, 1380 n. 8 (11th Cir.1983); *Backus v. Baptist Medical Center,* 671 F.2d 1100 (8th Cir.1982);

*Marentette v. Michigan Host, Inc.,* 506 F.Supp. 909, 912–13 (E.D.Mich.1980); *Mello v. Secretary of HEW,* 11 FEP Cases 159 (D.D.C.1974). The court therefore has no choice but to dismiss this suit as moot pursuant to Federal Rule of Civil Procedure 12(b)(1).

## CONCLUSION

Plaintiff's timely claims of employment discrimination and reprisal for EEO complaints must be dismissed because intervening events—his firing by the Postal Service and subsequent guilty plea to one count of false claims against the government—render moot the injunctive relief sought herein. Accordingly, the court will issue an order of even date herewith granting defendant's motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1). In light of the disposition of this suit, plaintiff's pending motion for new, court-appointed counsel will be denied.