Bessie DOUGLAS, Plaintiff,

v.

Samuel R. PIERCE, Secretary of Housing and Urban Development, Defendant.

No. CA 85–1283–SSH.

United States District Court, District of Columbia.

Sept. 7, 1988.

David H. Shapiro, Washington, D.C., for plaintiff.

Linda Halpern, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court upon defendant's motion for summary judgment. Upon consideration of the motion, the opposition and reply thereto, and the entire record herein, the Court concludes that the motion should be granted.

Until shortly after defendant filed his motion for summary judgment, attorney James Edward Mercer represented plaintiff in this action. Mr. Mercer, however, became ill and no longer was able to represent plaintiff. Subsequently, a series of attorneys informally contacted Chambers to apprise the Court that plaintiff had obtained new counsel. On April 2, 1987, plaintiff's current counsel, John L. McGann, filed a praecipe notifying the clerk of court of Mr. McGann's appearance as counsel of record for plaintiff. The Court regrets the delay in issuing this Opinion since Mr. McGann's appearance; however, the Court hesitated to issue an Opinion because of both the absence of any supplemental pleadings and the uncertainty, in light of the previous series of attorneys who informally had contacted Chambers to apprise the Court that they represented plaintiff, whether plaintiff would continue to use Mr. McGann as counsel.

Plaintiff's complaint for employment discrimination alleges that defendant discriminated against her on the basis of her age, sex, and race (white) and retaliated against her for filing a complaint with the Equal Employment Opportunity Commission (hereafter EEOC).[1] In her statement of facts (hereafter the Statement of Facts) attached to her amended opposition to the motion for summary judgment (hereafter the Opposition),[2] plaintiff contends that the

---

1. On May 20, 1986, plaintiff moved for leave to file an amended complaint. On June 13, 1986, the Court denied that motion and on July 24, 1986, denied plaintiff's motion to reconsider the June 13, 1986, Order. On July 28, 1986, plaintiff moved for leave to file a second amended complaint. This proposed second amended complaint alleges causes of action for age and sex discrimination, intentional infliction of emotional distress, and wrongful termination. (The proposed second amended complaint may be read to assert a claim for reprisal; however, plaintiff apparently no longer believes her claim of race discrimination is viable.) By separate Order, the Court denies plaintiff's motion for leave to file a second amended complaint.

2. On July 29, 1986, plaintiff filed an opposition to the motion for summary judgment. On August 4, 1986, plaintiff filed an amended opposition to the motion for summary judgment. The Court has reviewed only the amended opposi-

material facts as to which there is a genuine issue are:

(1) Whether defendant discriminated against plaintiff on the basis of age or sex by failing to transfer her to an office where her work responsibilities would have been less difficult.

(2) Whether defendant discriminated against plaintiff on the basis of age by instituting performance standards for examiners, which adversely affected plaintiff's job performance rating.

(3) Whether defendant discriminated against plaintiff by failing to train her adequately while she was employed at the Multifamily Insurance Benefits Branch (hereafter MIBB).

(4) Whether defendant retaliated against plaintiff for filing a charge of discrimination against defendant with the EEOC or discriminated against plaintiff on the basis of age by scrutinizing her work more closely than it scrutinized the work of other examiners.

(5) Whether defendant retaliated against plaintiff for filing a charge of discrimination against defendant with the EEOC or discriminated against plaintiff on the basis of age by subjecting her to a more hostile work environment than that to which the other examiners were subjected.

(6) Whether defendant discriminated against plaintiff on the basis of sex or age by failing to provide her with proper performance evaluations.

(7) Whether defendant discriminated against plaintiff on the basis of sex or age by denying her a within grade salary increase.

(8) Whether defendant discriminated against plaintiff on the basis of sex or age by denying her overtime opportunities.

(9) Whether defendant discriminated against plaintiff on the basis of sex or age by denying her the opportunity to work on less complex cases, as other examiners were allowed to do.

(10) Whether defendant discriminated against plaintiff on the basis of sex or age by threatening to fire her if she did not retire.

(11) Whether defendant discriminated against plaintiff on the basis of sex or age by the use of its job assignment system.

(12) Whether defendant discriminated against plaintiff on the basis of sex or age by doing unspecified acts for the purpose of pressuring plaintiff to retire.[3]

After adequate time for discovery and upon motion, the Court must grant summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); Fed. R.Civ.P. 56(e). A party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence that the party believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 106 S.Ct. at 2553. When the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e) requires that party to go beyond the pleadings, and by her own affidavits, or the discovery on file, designate specific facts showing there is a genuine issue for trial. *Id.* The nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. *Id.* 106 S.Ct. at 2553–54. The non-

---

tion in its resolution of the motion for summary judgment.

**3.** In her Statement of Facts, plaintiff asserts that the acts of defendant constitute unintentional infliction of emotional distress. First, the law of the District of Columbia does not recognize a cause of action for negligent infliction of emotional distress in the absence of some physical injury. *Williams v. Baker,* 540 A.2d 449 (D.C.

1988). Second, plaintiff's complaint does not state a cause of action for negligent infliction of emotional distress, so this claim is not properly before the Court. Third, even if the claim were properly before the Court, plaintiff provides no factual support for this claim. Accordingly, if the claim were properly before the Court, the Court would grant summary judgment in favor of defendant on this claim.

moving party "enjoys the benefit of all favorable inferences from the evidence proffered...." *Red Lake Band of Chippewa Indians v. United States*, 800 F.2d 1187, 1199 (D.C.Cir.1986) (quoting *Abraham v. Graphic Arts International*, 660 F.2d 811, 814 (D.C.Cir.1981) (footnotes omitted)). The following discussion will make clear that the evidence that plaintiff offers in opposition to defendant's motion, even according that evidence all favorable inferences, fails to provide sufficient facts to show there is a genuine issue of material fact for trial.[4]

### 1. *Age Discrimination Claim*

Plaintiff fails to show that a genuine issue of material fact exists concerning defendant's intent to discriminate against her on the basis of her age.

■ The plaintiff carries the initial burden of establishing a prima facie case of age discrimination. *Krodel v. Young*, 748 F.2d 701, 705–06 (D.C.Cir.1984), *cert denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985). Plaintiff can establish a prima facie case of age discrimination by showing that (1) she is a member of a statutorily protected age group (40–70 years), (2) she improperly was singled out for adverse treatment, and (3) others, not members of the protected class, were treated dissimilarly. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 & n. 13, 93 S.Ct. 1817, 1824 & n. 13, 36 L.Ed.2d 668 (1973) (elements of a prima facie discrimination case may be reformulated according to the factual variations involved); *Krodel*, 748 F.2d at 705–06 (applying evidentiary scheme established in *McDonnell Douglas* to action brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634). If plaintiff cannot make a prima facie case under the *McDonnell*

*Douglas* formulation, the Court must scrutinize the evidentiary offerings for indicia of unlawful discrimination. *See Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 86 (5th Cir.), *reh'g denied*, 691 F.2d 502 (5th Cir.1982) ("no single formulation of the prima facie evidence test may fairly be expected to capture the many guises in which discrimination may appear," so the Court must scrutinize the evidentiary offerings for indicia of unlawful discrimination).

### (a) Denial of Transfer Claim

■ Plaintiff does not meet her burden of establishing a prima facie case that defendant discriminated against her on the basis of age by not transferring her to an office where her work responsibilities would be less difficult. Plaintiff stated in her deposition that she never applied or asked for a transfer. [Deposition of plaintiff, p. 144, lines 21–25.] Plaintiff has not presented any evidence that she improperly was singled out for adverse treatment. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (b) Institution of Performance Standards

■ Plaintiff presents no evidence, and, therefore, fails to carry her burden of establishing a prima facie case, that defendant discriminated against her on the basis of age by instituting performance standards for its examiners. Although the evidence does show that defendant instituted performance standards [Deposition of Timothy Toomer, pp. 44–45], there is no indication that plaintiff improperly was singled out for adverse treatment or that these performance standards adversely impacted plaintiff as a result of her age. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

4. On July 28, 1986, while this motion for summary judgment was pending, plaintiff moved for sanctions on the basis that defendant had failed to comply with the Court's Order of June 13, 1986, which granted in part and denied in part plaintiff's motion to compel discovery.

The Court concludes that defendant has complied with the Court's Order of June 13, 1986, and that plaintiff's motion for sanctions is without merit. Accordingly, considerably more than adequate time for discovery has passed.

**(c) Failure To Train** [5]

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of age by inadequately training her while she was employed at MIBB. Plaintiff points only to her deposition and her affidavit attached to her Opposition (hereafter the Affidavit) to support this claim. At her deposition, plaintiff testified that she did not receive "the cooperation" that she should have gotten. [Deposition of plaintiff, p. 102, lines 18–21.] In her Affidavit, plaintiff states that she "was denied training necessary for me to properly perform my job while in the Multifamily Insurance Benefits Branch (MIBB) of HUD." [Affidavit, ¶ 2.] This evidence, however, does not give any indication that the alleged inadequate cooperation/training was as a result of plaintiff's age or that she improperly was singled out for adverse treatment. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

**(d) Higher Level of Scrutiny of Work**

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of age by scrutinizing her work more closely than it scrutinized the work of other examiners. Plaintiff points only to evidence in her deposition and in her Affidavit to support this claim. At her deposition, the following exchange took place:

EXAMINATION BY COUNSEL FOR PLAINTIFF BY MR. MERCER:

\* \* \* \* \* \*

Q Were younger individuals in Multifamily treated differently than you, Ms. Douglas?

A Yes, they were.

(By separate Order, the Court denies plaintiff's pending motion for sanctions.)

**5.** In her Statement of Facts, plaintiff argues that an issue of fact remains concerning whether defendant failed to train her adequately. Plaintiff does not specify in her Statement of Facts, however, that this alleged failure to train adequately was as a result of her age. In her affidavit attached to her Opposition, plaintiff states that the alleged failure to train adequately

Q Were they treated differently with respect to their work being monitored?

A Yes.

\* \* \* \* \* \*

Q Ms. Douglas, were the younger workers treated differently with respect to the scrutiny that their work received?

\* \* \* \* \* \*

A Yes.

[Deposition of plaintiff, pp. 145–46.] [6] In her Affidavit, plaintiff states that her work "was subjected to a higher degree of scrutiny than my co-workers (other examiners)." [Affidavit, ¶ 3.] Even drawing all favorable inferences properly supported by this evidence, the evidence does not provide sufficient facts to support an age discrimination claim. Plaintiff's attorney's leading questions and plaintiff's conclusory responses provide an insufficient foundation to support plaintiff's claim. The Court cannot reasonably make the inference that the "younger" workers that plaintiff referred to at her deposition were similarly situated. The Court cannot reasonably make the inference that the different treatment that these younger workers received was better treatment than plaintiff received. The Court cannot reasonably make the inference that the younger workers and the co-workers to whom plaintiff refers at her deposition and in her Affidavit were not members of the protected class. (The protected class encompasses individuals older than age 40.) The evidence, therefore, does not show that plaintiff's similarly situated co-workers who were not members of the protected class were treated more favorably than plaintiff. Moreover, this evidence does not give any indication that the alleged higher degree of scrutiny that plaintiff's work received was as a result of

was as a result of her age. Accordingly, the Court addresses plaintiff's assertion that defendant discriminated against her on the basis of her age by failing to train her adequately.

**6.** Although defendant's attorney repeatedly objected to such leading questions, plaintiff merely responded affirmatively to her attorney's questions. At trial, the Court would sustain objections to such leading questions.

plaintiff's age. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (e) Hostility of Plaintiff's Work Environment

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of age by subjecting her to a more hostile work environment than that of the other examiners. In her Affidavit, plaintiff states that she "was subjected to a hostile work environment while in MIBB while my co-workers (other examiners) were not." [Affidavit, ¶ 4.] This evidence, however, does not give any indication that plaintiff's co-workers were not members of the protected class. Moreover, this evidence does not give any indication that this alleged hostility was as a result of plaintiff's age. Accordingly, the Court grants summary judgment in favor of defendant on this claim.[7]

### (f) Performance Evaluations

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of age by failing or refusing to provide her with proper performance evaluations. Plaintiff points to only a portion of her deposition and her Affidavit to support this claim. At her deposition, plaintiff's attorney asked, "Were the younger workers treated differently than you, Ms. Douglas, with respect to the number of performance ratings that they received?" Plaintiff responded, "Yes." [Depostion of plaintiff, p. 146, lines 7–10.][8] In her Affidavit, plaintiff states that she "was not given proper performance evaluations while employed in MIBB." [Affidavit, ¶ 5.] Even drawing all favorable inferences properly supported by this evidence, the evidence does not provide sufficient facts to support an age discrimination claim. Plaintiff's attorney's leading questions and plaintiff's conclusory statements provide an insufficient foundation to support plaintiff's claim. The Court cannot reasonably make the inference that the "younger workers" that plaintiff referred to at her deposition were similarly situated to plaintiff. The Court cannot reasonably make the inference that the different treatment that these younger workers received was better treatment than plaintiff received. The Court cannot reasonably make the inference from the statement in her Affidavit that plaintiff improperly was singled out for adverse treatment. The evidence, therefore, does not show that plaintiff's similarly situated co-workers who were not members of the protected class were treated more favorably than plaintiff. Moreover, the evidence does not give any indication that this alleged failure or refusal to give proper performance evaluations was as a result of plaintiff's age. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (g) Within Grade Increases

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of age by denying her within grade increases. Plaintiff points only to her Affidavit to support this claim. In her Affidavit, plaintiff states that she "was denied within grade increases ... while employed in MIBB." [Affidavit, ¶ 6.] This evidence, however, does not give any indication that plaintiff improperly was singled out for adverse treatment. Moreover, this evidence does not give any indication that this alleged denial of within grade increases was as a result of plaintiff's age. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (h) Overtime Opportunities

■ Plaintiff does not make a prima facie case that defendant discriminated

---

**7.** In her Opposition, plaintiff refers to page 127, lines 21–24, of her deposition to support this claim of age discrimination. The Court has reviewed that portion of plaintiff's deposition and finds that it does not at all support plaintiff's claim. Defendant pointed out this apparent error. [Defendant's reply to motion for summary judgment, p. 8 n. 4.] Plaintiff never attempted to correct this apparent error.

**8.** Again, at trial, the Court either would sustain an objection to a leading question such as this or would be unable to place any reliance upon such a response.

against her on the basis of age by denying her overtime opportunities. Plaintiff points only to her Affidavit to support this claim. In her Affidavit, plaintiff states that she "was denied ... overtime opportunities while employed in MIBB." [Affidavit, ¶ 6.] This evidence, however, does not give any indication that plaintiff improperly was singled out for adverse treatment. Moreover, this evidence does not give any indication that this alleged denial of overtime opportunities was as a result of plaintiff's age. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (i) Right To Work on Less Complex Cases

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of age by denying her the right to work on less complex cases. Plaintiff points only to a portion of her deposition (*i.e.*, p. 90, lines 8–12) and her Affidavit to support this claim. At p. 90, lines 8–12, plaintiff stated:

> Yeah, well, evidently they worked in Single Families and then they had that training in back of them, which is easier for them to know more about the work in starting with the multifamily claims. The single family claims is much easier than the multifamily claims.

In her Affidavit, plaintiff states that she "was denied the right to work on less complex cases as others were allowed to do." [Affidavit, ¶ 7.] Even drawing all favorable inferences properly supported by this evidence, the evidence does not provide sufficient facts to support an age discrimination claim. The evidence from plaintiff's deposition does not show that the workers who received training in single family claims were not members of the protected class, *i.e.*, less than 40 years old. The evidence from plaintiff's Affidavit does not give any indication that "the others," presumably plaintiff's co-workers, were not members of the protected class. Moreover, the evidence does not give any indication that this alleged denial of the right to work on less complex cases was as a result of plaintiff's age. Accordingly, the Court

grants summary judgment in favor of defendant on this claim.

### (j) Threat To Fire

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of age by threatening to fire her unless she retired. Plaintiff points only to her Affidavit to support this claim. In her Affidavit, plaintiff states that she "was unfairly threatened to be fired if I did not retire." [Affidavit, ¶ 8.] This conclusory statement provides insufficient facts to support an age discrimination claim. The evidence does not show that plaintiff improperly was singled out for adverse treatment. (Many employers offer their employees the option of retiring to avoid the stigma of being fired.) Moreover, plaintiff never states who made the alleged threat, and the Court cannot reasonably draw the inference from this statement that an agent of defendant—and not some other party—took such an alleged position. In addition, the sentence does not provide facts to explain why the alleged threatened firing was "unfair." Moreover, the statement does not specify when the alleged threat took place. Further, the evidence does not indicate that the alleged threat to fire plaintiff was as a result of her age. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (k) Job Assignment System

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of age by subjecting her to a discriminatory job assignment system. Plaintiff points only to her Affidavit to support this claim. In her Affidavit, plaintiff states that she "was subjected to a discriminatory job assignment system while employed in MIBB." [Affidavit, ¶ 9.] This conclusory statement provides insufficient facts to support an age discrimination claim. This evidence does not give any indication that plaintiff improperly was singled out for adverse treatment. In addition, this one sentence does not at all explain why the job assignment system was

discriminatory. Moreover, this statement does not specify when the alleged discriminatory job assignment system existed. Further, this conclusory statement does not give any indication that this alleged discriminatory job assignment system was as a result of plaintiff's age. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### (1) *Pressure To Retire*

In her Statement of Facts, plaintiff argues that "acts of defendant HUD were conducted for the specific purpose of pressuring plaintiff to retire because of plaintiff's age...." [Statement of Facts, ¶ 12.] Plaintiff refers to her Affidavit to support this assertion. The Affidavit contains no assertion of fact, other than those discussed above and found to be without merit, that supports this claim. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### 2. *Sex Discrimination Claim*

Plaintiff fails to show that a genuine issue of material fact exists concerning defendant's intent to discriminate against her on the basis of her sex.[9]

■■■ The plaintiff carries the initial burden of establishing a prima facie case of sex discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). Plaintiff can establish a prima facie case of sex discrimination by proving that (1) she improperly was singled out for adverse treatment and (2) males were treated dissimilarly. *See McDonnell Douglas*, 411 U.S. at 802 & n. 13, 93 S.Ct. at 1824 & n. 13 (elements of a prima facie discrimination case may be reformulated according to

the factual variations involved); *Texas Dep't of Community Affairs*, 450 U.S. at 253 n. 6, 101 S.Ct. at 1094 n. 6 (applying evidentiary scheme established in *McDonnell Douglas* to sex discrimination action). If plaintiff cannot make a prima facie case under the *McDonnell Douglas* formulation, the Court must scrutinize the evidentiary offerings for indicia of unlawful discrimination. *See Byrd*, 687 F.2d at 86 ("no single formulation of the prima facie evidence test may fairly be expected to capture the many guises in which discrimination may appear," so the court must scrutinize the evidentiary offerings for indicia of unlawful discrimination).

#### (a) Denial of Transfer Claim

■■■ Plaintiff does not meet her burden of establishing a prima facie case that defendant discriminated against her on the basis of sex by not transferring her to an office where her work responsibilities would be less difficult. Plaintiff stated in her deposition that she never applied or asked for a transfer. [Deposition of plaintiff, p. 144, lines 21–25.] Plaintiff has not presented any evidence that she improperly was singled out for adverse treatment. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### (b) Failure To Train[10]

■■■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by inadequately training her while she was employed at MIBB. Plaintiff points only to her deposition and her Affidavit to support this claim. At her deposition, plaintiff testified that she did not receive "the coopera-

---

**9.** At plaintiff's deposition, defendant's attorney asked plaintiff about the factual basis for her allegation of sex discrimination. Plaintiff could not supply any facts that would make a prima facie case of sex discrimination. [Deposition of plaintiff, pp. 70–72.] Three months later, when plaintiff signed her Affidavit, she was able to supply facts in support of her allegation of sex discrimination. As discussed below, however, these facts do not make a prima facie case of sex discrimination.

**10.** In her Statement of Facts, plaintiff argues that an issue of fact remains whether defendant failed to train her adequately. Plaintiff does not specify in her Statement of Facts that this alleged failure to train adequately was as a result of her sex. In her Affidavit, however, plaintiff states that this alleged failure to train adequately was as a result of her sex. Accordingly, the Court addresses plaintiff's assertion that defendant discriminated against her on the basis of sex by failing to train her adequately.

tion" that she should have gotten. [Deposition of plaintiff, p. 102, lines 18–21.] In her Affidavit, plaintiff states that she "was denied training necessary for me to properly perform my job while in the Multifamily Insurance Benefits Branch (MIBB) of HUD." [Affidavit, ¶ 2.] This evidence, however, does not give any indication that the alleged inadequate cooperation/training was as a result of plaintiff's sex or that she improperly was singled out for adverse treatment. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### (c) Higher Level of Scrutiny of Work [11]

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by scrutinizing her work more closely than it scrutinized the work of other examiners. In her Affidavit, plaintiff states that her work "was subjected to a higher degree of scrutiny than my co-workers (other examiners)." [Affidavit, ¶ 3.] This evidence, however, does not give any indication that the work of plaintiff's male co-workers received more favorable treatment, *i.e.*, less scrutiny, or that the alleged higher degree of scrutiny accorded to plaintiff's work was as a result of her sex. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### (d) Hostility of Plaintiff's Work Environment [12]

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by subjecting her to a more hostile work environment than that of the other examiners. In her Affidavit, plaintiff states that she "was subjected to a hostile work environment while in MIBB while my co-workers (other examiners) were not." [Affidavit, ¶ 4.] [13] This evidence, however, does not give any indication that plaintiff's co-workers were males. Moreover, this evidence does not give any indication that this alleged hostility was as a result of plaintiff's sex. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### (e) Performance Evaluations

■ Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by failing or refusing to provide her with proper performance evaluations. Plaintiff points to only a portion of her deposition and her Affidavit to support this claim. At her deposition, plaintiff's attorney asked, "Were the younger workers treated differently than you, Ms. Douglas, with respect to the number of performance ratings that they received?" Plaintiff responded, "Yes." [Deposition of plaintiff, p. 146, lines 7–10.] [14] In her Affidavit, plaintiff states that she "was not given proper performance evaluations while employed in MIBB." [Affidavit, ¶ 5.] This evidence, however, does not give any indication that the "younger workers" were males. In addition, this evidence does not indicate that plaintiff improperly was singled out for adverse treatment. Moreover, this evidence does not indicate that the alleged

---

**11.** In her Statement of Facts, plaintiff does not argue that an issue of fact exists concerning whether defendant discriminated against her on the basis of sex by subjecting her work to a higher level of scrutiny. In her Affidavit, however, plaintiff states that her work was subjected to a higher level of scrutiny on account of her sex. Accordingly, the Court addresses plaintiff's allegation that defendant discriminated against plaintiff on the basis of sex by subjecting her work to a higher level of scrutiny.

**12.** In her Opposition, plaintiff does not allege that defendant discriminated against her on the basis of sex by subjecting her to a hostile work environment. In her Affidavit, however, plaintiff asserts that defendant discriminated against

her on the basis of sex by subjecting her to a hostile work environment. Accordingly, the Court addresses this claim of sex discrimination.

**13.** In her Opposition, plaintiff also refers to a portion of her deposition transcript to support this claim. The Court has reviewed that portion of the deposition transcript and finds it does not at all support plaintiff's claim. *See also* n. 7, *supra.*

**14.** Again, at trial, the Court either would sustain an objection to a leading question such as this or would be unable to place any reliance on such a response.

failure or refusal to provide performance evaluations was as a result of plaintiff's sex. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (f) Within Grade Increases

 Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by denying her within grade increases. Plaintiff points only to her Affidavit to support this claim. In her Affidavit, plaintiff states that she "was denied within grade increases ... while employed in MIBB." [Affidavit, ¶ 6.] This evidence, however, does not give any indication that plaintiff improperly was singled out for adverse treatment. Moreover, this evidence does not give any indication that this alleged denial of within grade increases was as a result of plaintiff's sex. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (g) Overtime Opportunities

 Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by denying her overtime opportunities. Plaintiff points only to her Affidavit to support this claim. In her Affidavit, plaintiff states that she "was denied ... overtime opportunities while employed in MIBB." [Affidavit, ¶ 6.] This evidence, however, does not give any indication that plaintiff improperly was singled out for adverse treatment. Moreover, this evidence does not give any indication that this alleged denial of overtime opportunities was as a result of plaintiff's sex. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (h) Right To Work on Less Complex Cases

 Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by denying her the right to work on less complex cases. Plaintiff points only to a portion of her deposition (*i.e.*, p. 90, lines 8–12) and

her Affidavit to support this claim. As noted above, at p. 90, lines 8–12, plaintiff stated:

> Yeah, well, evidently they worked in Single Families and then they had that training in back of them, which is easier for them to know more about the work in starting with the multifamily claims. The single family claims is much easier than the multifamily claims.

In her Affidavit, plaintiff states that she "was denied the right to work on less complex cases as others were allowed to do." [Affidavit, ¶ 7.] Even drawing all favorable inferences properly supported by this evidence, the evidence does not provide sufficient facts to support a sex discrimination claim. The evidence from plaintiff's deposition does not show that the workers who received training in single family claims were males. The evidence from plaintiff's Affidavit does not give any indication that "the others," presumably plaintiff's co-workers, were males. Moreover, the evidence does not give any indication that this alleged denial of the right to work on less complex cases was as a result of plaintiff's sex. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

### (i) Threat To Fire

 Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by threatening to fire her unless she retired. Plaintiff points to only her Affidavit to support this claim. In her Affidavit, plaintiff states that she "was unfairly threatened to be fired if I did not retire." [Affidavit, ¶ 8.] This conclusory statement provides insufficient facts to support a sex discrimination claim. The evidence does not show that plaintiff improperly was singled out for adverse treatment. (Many employers offer employees the option of retiring to avoid the stigma of being fired.) Moreover, plaintiff never states who made the alleged threat, and the Court cannot reasonably draw the inference from this statement that an agent of defendant—and not some other party—threatened to fire plaintiff. In addition, the sentence does not provide

facts to explain why the alleged threatened firing was "unfair." Further, the evidence does not indicate that the alleged threat to fire plaintiff was as a result of her sex. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### (j) Job Assignment System

 Plaintiff does not make a prima facie case that defendant discriminated against her on the basis of sex by subjecting her to a discriminatory job assignment system. Plaintiff points only to her Affidavit to support this claim. In her Affidavit, plaintiff states that she "was subjected to a discriminatory job assignment system while employed in MIBB." [Affidavit, ¶ 9.] This conclusory statement provides insufficient facts to support a sex discrimination claim. This evidence does not give any indication that plaintiff improperly was singled out for adverse treatment. In addition, this one sentence does not at all explain why the job assignment system was discriminatory. Moreover, this evidence does not indicate when this alleged discriminatory job assignment system existed. Further, this conclusory statement does not give any indication that this alleged discriminatory job assignment system was as a result of plaintiff's sex. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### (k) Pressure To Retire

In her Statement of Facts, plaintiff argues that defendant discriminated against her on the basis of sex because "acts of defendant HUD were conducted for the specific purpose of pressuring plaintiff to retire because of plaintiff's ... sex." [Statement of Facts, ¶ 12.] Plaintiff refers to her Affidavit to support this assertion. The Affidavit contains no assertions of fact, other than those discussed above and found to be without merit, that support this claim. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### 3. *Race Discrimination Claim*

Plaintiff alleges in her complaint that defendant discriminated against her on the basis of her race, which is white. Defendant points out that there is no evidence to support this allegation of race discrimination. [Motion for summary judgment, pp 6–7.] In her Opposition, plaintiff gives no evidence to support her allegation of race discrimination. *See Celotex Corp.,* 106 S.Ct. at 2553 (when the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e) requires that party to go beyond the pleadings and to designate specific facts showing there is a genuine issue for trial). Accordingly, the Court grants summary judgment in favor of defendant on this claim.

#### 4. *Reprisal Claim*

 Plaintiff fails to make a prima facie case of reprisal. To establish a prima facie case of reprisal, plaintiff must show (1) that she engaged in a statutorily protected activity, (2) that the employer took an adverse personnel action, and (3) that a causal connection existed between the two. *Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C. Cir.1984). A causal connection between the two activities may be established by showing that defendant had knowledge of plaintiff's activity and that the adverse action took place shortly thereafter. *Id.*

Plaintiff asserts in her Affidavit that she "filed an EEO charge against defendant HUD...." [Affidavit, ¶ 11.] Plaintiff further asserts in her Affidavit that in retaliation for having filed an EEO charge against HUD (1) she was denied the opportunity to transfer to an office where her work responsibilities would have been less difficult, (2) she was denied adequate training, (3) her work was subjected to a higher degree of scrutiny, (4) she was subjected to a hostile work environment, (5) she was not given proper performance evaluations, (6) she was denied overtime opportunities and grade increases, (7) she was denied the right to work on less complex cases, (8) she was unfairly threatened to be fired if she did not retire, and (9) she was subjected to

a discriminatory job assignment system. [Affidavit, ¶¶ 1–9.] [15]

 The above evidence fails to make a prima facie case of reprisal because plaintiff has failed to produce evidence that a causal connection exists between her filing a complaint with the EEOC and defendant's alleged acts of reprisal as enumerated above. Plaintiff has not pointed to any evidence in the record to indicate when she filed her charge with the EEOC or to indicate that defendant had knowledge that plaintiff had filed a complaint with the EEOC.[16] The evidence does not indicate that defendant retaliated against plaintiff for filing a complaint with the EEOC. Accordingly, the Court grants summary judgment in favor of defendant on this claim.

The Court has addressed each of plaintiff's assertions of discrimination and has concluded that plaintiff cannot show there is a single genuine issue of material fact for trial. The Court, therefore, grants summary judgment in favor of defendant on all of plaintiff's claims. An appropriate Order accompanies this Memorandum Opinion.

SO ORDERED.

**ORDER**

Upon consideration of plaintiff's unopposed motion for leave to file a second amended complaint, and the entire record herein, it hereby is

ORDERED, that the motion is denied.

Upon consideration of plaintiff's motion for sanctions, the opposition thereto, and the entire record herein, it hereby further is

ORDERED, that the motion is denied.

Upon consideration of defendant's motion for summary judgment, the opposition and reply thereto, and the entire record herein, for the reasons discussed in the accompanying Memorandum Opinion it hereby further is

ORDERED, that the motion is granted and the complaint is dismissed.

SO ORDERED.

**15.** In her Statement of Facts, plaintiff does not argue that defendant retaliated against her by doing all of these enumerated bases of reprisal. In her Affidavit, however, plaintiff states that defendant retaliated against her by doing all of these enumerated bases of reprisal. Accordingly, the Court discussed all of these enumerated bases of reprisal.

**16.** Defendant states that plaintiff "filed numerous appeals, grievances, and complaints throughout her time with HUD" and that plaintiff filed a charge of discrimination with the EEOC in 1975. [Motion for summary judgment, p. 5, n. 3.] Years passed between the time plaintiff filed her charge of discrimination with the EEOC and defendant committed the alleged acts of retaliation of which plaintiff complains in the instant action. The passage of years does not support an inference that plaintiff's filing of a charge with the EEOC is related to defendant's alleged acts of retaliation.