**John DOE, Plaintiff,**

**v.**

**SOUTHEASTERN UNIVERSITY, Defendant.**

**Civ. A. No. 89–2867 SSH.**

United States District Court, District of Columbia.

Feb. 21, 1990.

John Doe, Riverdale, Md., for plaintiff.

Virginia G. Watkin, Washington, D.C., for defendant.

OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to dismiss and plaintiff's opposition. Upon consideration of the pleadings and the entire record, the Court grants defendant's motion.

Plaintiff is a former student at Southeastern University. Allegedly plaintiff tested positive for Human Immunodeficiency Virus (HIV).[1] Because of a complication

---

1. Testing positive for the Human Immunodeficiency Virus, combined with symptoms of one or more associated ailments, is typically con-

sidered a sign of AIDS—a viral disease involving the breakdown of the body's immune system. Hon. Charles R. Richey, *Manual on Employ-*

which plaintiff associated with having HIV, plaintiff had to be hospitalized and missed a significant portion of a semester of classes. In order to get excused from his fall 1986 classes, he had his physician transmit medical statements to the University confirming plaintiff's inability to have attended classes. According to the plaintiff, this information was improperly leaked to unauthorized faculty and staff. As a result, plaintiff alleges that he was harassed, embarrassed, and finally felt forced to withdraw from Southeastern and transfer to the University of Maryland. Plaintiff also alleges that after his transfer, defendant improperly notified the University of Maryland of his condition. Plaintiff's complaint appears to make several claims: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) invasion of privacy; and (4) violation of § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794.[2]

Defendant argues that plaintiff's complaint should be dismissed on two main grounds. First, defendant alleges that plaintiff fails to state a claim upon which relief could be granted. Defendant alleges that the Rehabilitation Act does not allow compensatory and punitive damages, and thus plaintiff's rehabilitation complaint should be dismissed. Defendant further argues that plaintiff has failed to allege the necessary physical injury needed for a cause of action for negligent infliction of emotional distress. Second, defendant claims that plaintiff's claims are barred by the applicable statute of limitations. Defendant specifically argues that the one-year statute of limitations provided in D.C. Code § 12–301(4) applies to the Rehabilitation Act.

## Statute of Limitations

■ Invasion of privacy is essentially a defamation type action. *Bartel v. Federal Aviation Administration,* 617 F.Supp. 190, 196 n. 26 (D.D.C.1985); *Wolf v. Regardie,* 553 A.2d 1213 (D.C.1989). Section 12–301 of the D.C.Code establishes a one-year statute of limitations for libel, slander, assault, and other similar intentional torts. The Court finds this one-year statute of limitations is also applicable to invasion of privacy actions. Plaintiff's last alleged invasion of privacy occurred when Southeastern informed someone at the University of Maryland that he had tested HIV–positive. This occurred in June 1988. Plaintiff filed his complaint on October 17, 1989, more than one year later. Therefore, his invasion of privacy claim is barred.

Plaintiff also makes a claim for intentional infliction of emotional distress. The applicable statute of limitations for intentional infliction of emotional distress depends on the statute of limitations applied to the underlying common law claims. *See Thomas v. News World Communications,* 681 F.Supp. 55, 72 (D.D.C.1988); *Burda v. National Association of Postal Supervisors,* 592 F.Supp. 273, 281 (D.D.C.1984), *aff'd,* 771 F.2d 1555 (D.C.Cir.1985). Since a one-year statute of limitations applies to plaintiff's invasion of privacy claim, that same statute of limitations applies to his intentional infliction of emotional distress claim, also barring plaintiff's claim.

■ Defendant specifically argues that plaintiff's Rehabilitation Act claim also should be barred by the one-year statute of limitations.[3] The Court disagrees. The Rehabilitation Act does not contain its own statute of limitations, and therefore the period to be applied must be drawn from

---

*ment Discrimination and Civil Rights Actions in the Federal Courts* (Federal Judicial Center) F1–18 (1988).

**2.** Plaintiff is proceeding *pro se.* Accordingly, the Court is reading his complaint as liberally and broadly as possible. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Brandon v. District of Columbia Board of Parole,* 823 F.2d 644 (D.C.Cir.1987).

**3.** Section 504 of the Rehabilitation Act of 1973 provides in pertinent part:

"No otherwise qualified individual with handicaps in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...."

29 U.S.C. § 794.

the appropriate state statute. *See Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 1793, 64 L.Ed.2d 440 (1980). Courts have applied a wide variety of state statutes of limitations to the Rehabilitation Act. Some, primarily in cases involving discrimination in employment, have applied the state's statute of limitations involving contracts. *See, e.g., Andrews v. Consolidated Rail Corp.*, 831 F.2d 678, 683–84 (7th Cir. 1987); *Hutchings v. Erie City & County Library Board of Directors*, 516 F.Supp. 1265, 1270–71 (W.D.Pa.1981). Some have found that the applicable standard is found in the state's statute of limitations specially enacted to be used in actions created by statute. *See, e.g., Marin v. New York State Department of Labor*, 512 F.Supp. 353, 355 (S.D.N.Y.1981). Still others have applied the state's applicable personal injury statute. *See, e.g., Dyer–Neely & Kimbrough v. City of Chicago*, No. 83–C–5376, Slip Op., 1986 WL 10361 (N.D.Ill. Sept. 8, 1986).

However, in growing numbers courts have looked to analogous discrimination actions such as those brought under 42 U.S.C. § 1981 and § 1983, and have applied the state's personal injury statute of limitations to Rehabilitation Act claims. *See, e.g., Amack v. University of Illinois*, No. 88–C–9711, Slip Op., 1989 WL 44149 (N.D. Ill. April 21, 1989) 1989 U.S. Dist. Lexis 4665; *DiMedio v. Girad Bank*, No. 86–3139, Slip Op., 1987 WL 9410 (E.D.Pa. April 15, 1987) 1987 U.S. Dist. Lexis 2941, *aff'd*, 835 F.2d 282 (3rd Cir.1987); *Lynn v. City of Chicago*, No. 86–C–2207, Slip Op., 1986 WL 8033 (N.D.Ill. July 15, 1986); *Wallace v. Town of Stratford Board of Education*, 674 F.Supp. 67 (D.Conn.1986). Section 504 of the Rehabilitation Act was modeled on Title VI of the Civil Rights Act, 42 U.S.C. § 2000d. *See School Board of Nassau County, Florida v. Arline*, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307, *reh. denied*, 481 U.S. 1024, 107 S.Ct. 1913, 95 L.Ed.2d

519 (1987); *Fells v. Brooks*, 522 F.Supp. 30 (D.D.C.1981); *Manual on Employment Discrimination and Civil Rights Actions in the Federal Courts* at F–1. Title VI, like § 504, does not have a specific statute of limitations. In determining which state statute of limitations applies to Title VI actions, courts have looked to the statute of limitations used in § 1981 and § 1983 actions. *See, e.g., Chambers v. Omaha Public School Dist.*, 536 F.2d 222 (8th Cir. 1976); *Baker v. Board of Regents of the State of Kansas*, 721 F.Supp. 270 (D.Kan. 1989). The Supreme Court in *Wilson* held that the state statute of limitations for personal injury actions applies to § 1981 and § 1983 cases. 105 S.Ct. at 1938. Thus, this Court holds that the District of Columbia's three-year personal injury statute of limitations applies. D.C.Code § 12–301(8).[4]

### Remedies Available under the Rehabilitation Act

█ Even reading the complaint liberally and assuming that testing positive for AIDS antibodies is a handicap, and assuming he could prove damages, the Court determines that plaintiff would be limited to equitable relief. Plaintiff requests compensatory and punitive damages. Courts are divided as to whether monetary damages are available to a plaintiff in a § 504 case. *Manual on Employment Discrimination and Civil Rights Actions in the Federal Courts*, at F1–20. The Supreme Court has expressly declined to decide "the extent to which money damages are available under § 504." *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 104 S.Ct. 1248, 1252, 79 L.Ed.2d 568 (1984). The Supreme Court has allowed back pay and similar types of relief. *Id.* The remedies allowed in § 504 are set forth in 29 U.S.C. § 794a. Section 794a(a)(2) states that:

The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d *et seq.*]

---

4. Section 12–301(8) applies both to personal injury torts not set out in § 12–301(4) and all other acts for which a limitation is not otherwise specially prescribed.

The Court also notes that using this limitation breeds consistency in Rehabilitation Act claims. Parties will not have to second-guess the Court as to which statute of limitations applies.

shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

The Supreme Court also is undecided as to whether non-equitable damages apply to Title VI claims. *Id.*, 104 S.Ct. at 1252 (citing *Guardians Assn. v. Civil Service Comm'n of New York City*, 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983)). In *DuVall v. Postmaster General*, 585 F.Supp. 1374, 1377 (D.D.C.1984), *aff'd w/o op.*, 774 F.2d 510 (D.C.Cir.1985), the court held that "it is clear that compensatory and punitive damages are unavailable under Title VII and the Rehabilitation Act, which call instead for equitable relief." The Court agrees with the finding in *DuVall* that nonequitable damages are unavailable under the Rehabilitation Act. *Id.* To hold that compensatory and punitive damages are available would be to engage in judicial activism. If Congress feels that additional remedies are necessary to protect the rights of handicapped individuals, Congress must make that law, not this Court. Accordingly, the Court grants defendant's motion to dismiss on this issue.

*Claim for Negligent Infliction of Emotional Distress*

 Defendant correctly points out that plaintiff fails to state a claim for negligent infliction of emotional distress. The law of the District of Columbia does not recognize such a cause of action absent some physical injury. *Douglas v. Pierce*, 707 F.Supp. 567 (D.D.C.1988); *Williams v. Baker*, 540 A.2d 449 (D.C.1988). Therefore, plaintiff's negligent infliction of emotional distress claim also is dismissed.

*Conclusion*

Defendant's motion to dismiss is granted. Plaintiff's intentional infliction of emotional distress and invasion of privacy claims are barred by the statute of limitations. Plaintiff's negligent infliction of emotional distress claim fails to allege the necessary physical injury and thus fails to state a claim. Absent these common law claims,

which if proven potentially could result in compensatory and punitive damages, plaintiff's Rehabilitation Act claim fails. Nonequitable damages are not available under § 504 of the Rehabilitation Act.

SO ORDERED.