**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **MAURICE A. SYKES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 10-1393 (RMC)** |
| | ) | |
| **UNITED STATES ATTORNEY** | ) | |
| **FOR THE DISTRICT OF COLUMBIA,** | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff was convicted in 1997 on two counts of armed robbery, first degree felony murder while armed, and related firearm offenses. *See* Compl. [Dkt. # 1-1] ¶ 45. In 2006, Plaintiff's convictions were reversed and he was released from prison because the Court of Appeals for the District of Columbia found that prosecutors had violated Plaintiff's constitutional rights by failing to disclose exculpatory *Brady*[1] evidence. *Id.* ¶ 46; *see Sykes v. United States*, 897 A.2d 769 (D.C. 2006). On June 5, 2010, Plaintiff brought a civil suit against various Defendants, asserting claims based in this failure to disclose *Brady* material and his subsequent conviction and incarceration. All Defendants now move to dismiss, arguing, *inter alia*, that Plaintiff's claims are not timely.[2] *See*

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963) (requiring prosecution to disclose exculpatory evidence where the evidence is material either to guilt or to punishment).

[2] Federal Defendants also move for sanctions. *See* Motion for Sanctions [Dkt. # 19]. Because Plaintiff is now acting *pro se*, that motion will be denied. D.C. Defendants move for leave to file an amended Motion to Dismiss. *See* Mot. for Leave to File Am. Mot. to Dismiss [Dkt. #24]. In light of the Court's disposition, that motion will be denied as moot.

Motion to Dismiss by Federal Defendants [Dkt. # 20] and Motion to Dismiss by D.C. Defendants [Dkt. # 22]. Because the motions have merit, the Complaint will be dismissed.

## I. FACTS

On June 5, 2010, Plaintiff brought a civil suit in the Superior Court of the District of Columbia suing the United States Attorney for the District of Columbia Ronald Machen, former United States Attorney for the District of Columbia Maryanne Incontro, and Attorney General Eric Holder, collectively "Federal Defendants;" and the District of Columbia, former Mayor of the District of Columbia Adrian Fenty, former Attorney General of the District of Columbia Peter Nickles, the District of Columbia Metro Police Deptartment, Sgt. Joseph McCann of the D.C. Metro Police Dept., Det. Todd Williams of the D.C. Metro Police Dept., a number of unnamed "Does," and the District of Columbia's Department of Corrections, collectively "D.C. Defendants." Plaintiff alleges civil conspiracy, false imprisonment, defamation, intentional infliction of emotional distress, and constitutional violations under 42 U.S.C. § 1983 against the D.C. Defendants. Plaintiff alleges negligence, gross negligence, false imprisonment, defamation, intentional infliction of emotional distress, and constitutional violations under *Bivens*,[3] against the Federal Defendants. Because a number of the Defendants are federal actors, the Federal Defendants removed the civil case to the federal District Court. *See* Notice of Removal of a Civil Action [Dkt. # 1].

## II. LEGAL STANDARDS

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face. An affirmative defense that claims are barred by the statute of limitations may be asserted in a Rule 12(b)(6) motion "when the

---

[3] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia,* 155 F.3d 575, 578 (D.C. Cir. 1998).  A court may only rule on a statute of limitations defense when the face of the complaint conclusively indicates it is time-barred.  *See Performance Contracting, Inc. v. Rapid Response Constr., Inc.,* 267 F.R.D. 422, 425 (D.D.C. 2010) (citing *Smith-Haynie,* 155 F.3d at 578); *Lewis v. Bayh,* 577 F. Supp. 2d 47, 51 (D.D.C. 2008); *Turner v. Afro-American Newspaper Co.,* 572 F. Supp. 2d 71, 72 (D.D.C. 2008).

### III.  ANALYSIS

D.C. Code § 12-301 (2011) outlines the statutory time limitations for bringing all types of actions within the District of Columbia.  While delineating particular limitations for specific actions, it also contains a catch-all provision, that sets a statute of limitations of three years for those causes of action "for which a limitation is not otherwise limited."  D.C. Code § 12-301(8).  All of the alleged actions either fall under this catch-all three-year statute of limitations, or a specified limitation that is lesser than three years.

The statute of limitations for false imprisonment and defamation  in the District of Columbia is one year.  *See* D.C. Code § 12-301(4) ("false imprisonment"); *Mullin v. Washington Free Weekly, Inc.*, 785 A.2d 296, 298 (D.C. 2001) ("The statute of limitations for a defamation claim in the District of Columbia is one year.").  Negligence and gross negligence have a three-year statute of limitations.  *See Rochon v. FBI*, 691 F. Supp. 1548, 1562–63 (D.D.C. 1988) (finding all the common law claims in that case, including claims of negligence and gross negligence, have a three-year statute of limitations under D.C. Code § 12-301(8)); *see also Prouty v. National R. Passenger Corp.*, 572 F. Supp. 200, 207 (D.D.C. 1983).  "[A]n independent action for intentional infliction of emotional distress is subject to the District's three-year residual limitation period." *Rendall-Speranza*

*v. Nassim*, 107 F.3d 913, 920 (D.C. Cir. 1997). Or, if intertwined with another tort claim, "[t]he applicable statute of limitations for intentional infliction of emotional distress depends on the statute of limitations applied to the underlying common law claims." *Doe v. Southeastern University*, 732 F. Supp. 7, 8 (D.D.C. 1990). Similarly, "a civil conspiracy claim incorporates not only every substantive element of the underlying tort, but also its statute of limitations," *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009), which in this case would be no greater than three years, like the tort claims above.

Further, Plaintiff's constitutional claims are also barred by the statute of limitations. "When a federal action contains no statute of limitations, courts will ordinarily look to analogous provisions in state law as a source of a federal limitations period." *Doe v. Dep't of Justice*, 753 F.2d 1092, 1114 (D.C. Cir. 1984) (*Bivens* action case) (citations omitted). The most analogous (and generous) provision in D.C. law to a *Bivens* suit is an action "for which a limitation is not otherwise specially prescribed," D.C. Code § 12-301(8), *i.e.* three-years. *See Hagmeyer v. Dep't of Treasury*, 647 F. Supp. 1300, 1305 (D.D.C. 1986) (finding *Bivens* action has three-year statute of limitations). Likewise, "[t]he Supreme Court has held that in states with multiple statutes of limitations, claims under [42 U.S.C. §] 1983 are governed by the residual or general personal injury statute of limitations (like section 12-301(8)), rather than the statute of limitations for enumerated intentional torts (like section 12-301(4))." *Carney v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (citing *Owens v. Okure*, 488 U.S. 235, 243-50 (1989)). Therefore, all of Plaintiff's claims have a statute of limitations of no greater than three years.

Statutes of limitations begin to run "from the time the right to maintain the action accrues." D.C. Code § 12-301. The District of Columbia applies the "discovery rule" to determine

when a tort action accrues, whereby an action accrues when a plaintiff has knowledge of, or through the exercise of reasonable diligence should have knowledge of "(1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *See Goldman v. Bequai*, 19 F.3d 666, 671–72 (D.C. Cir. 1994) (citation omitted). This time period is tolled, however, when a plaintiff is imprisoned. *See* D.C. Code § 12-302.

The substance of Plaintiff's claims arise from the *Brady* violations that led to Plaintiff's convictions being reversed and his release from prison. At the point of his release from prison in 2006, Plaintiff would have been (1) aware of these claimed injuries; (2) aware that they were caused as a result of these *Brady* violations; and (3) aware of the evidence of the wrongdoing, as the Court used that evidence to reverse Plaintiff's conviction. *See Sykes*, 897 A.2d 769 (decided March 9, 2006). Because the "discovery rule" was satisfied at the point Plaintiff was released from incarceration, the statute of limitations began to accrue on that date of release in 2006. The date on which Plaintiff commenced this lawsuit, June 5, 2010, was more than three years after any date in 2006, thus Plaintiff's claims are time-barred.[4]

## IV. CONCLUSION

For the reasons stated above, Federal Defendants' Motion to Dismiss [Dkt. # 20] will be granted, District of Columbia Defendants' Motion to Dismiss [Dkt. # 22] will be granted, Federal Defendants' Motion for Sanctions [Dkt. # 19] will be denied, and District of Columbia Defendants' Motion for Leave to File Amended Motion to Dismiss [Dkt. # 24] will be denied as moot.

---

[4] Plaintiff states that he did file within three years "and put the court on notice that an amended complaint would be filed upon discovery of the necessary defendants," Opp'n to Mot. for Summ. J. [Dkt. # 26] at 1, but there simply is no evidence in the record to support this statement.

Date: March 16, 2011                                          /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge