**Peter LOFGREN, Plaintiff,**

v.

**Albert CASEY, as he is Postmaster General of the United States, Defendant.**

Civ. A. No. 85–4032–C.

United States District Court, D. Massachusetts.

Sept. 3, 1986.

Peter L. Koff, Weston, Patrick, Willard & Redding, Boston, Mass., for plaintiff.

Susan G. Winkler, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Peter Lofgren, a resident of Massachusetts, against Albert Casey as he is Postmaster General of the United States. Plaintiff sued on the basis of the Rehabilitation Act of 1973. In his second amended complaint the plaintiff alleges that the Postal Service discharged him because of his handicap in violation of the Rehabilitation Act, made unauthorized use of his medical records in violation of 29 C.F.R. § 1613.706 and the Postal Service Manual EL–806, c. 2, discharged him without a hearing in violation

of the due process clause of the fifth amendment, and 5 C.F.R. § 315.805, and failed to conduct a reasonable investigation of the allegations against him before terminating his employment with the Postal Service. After a bench trial at which plaintiff and three other witnesses testified, I find and rule as follows:

Plaintiff, a 47 year old white male, applied to the Boston Post Office for employment as a mail distributor on February 7, 1984 and in so doing he submitted an employment application (Pltf. Ex. 7) and a medical certificate (Pltf. Ex. 8). He also submitted a form authorizing release of his Veteran's Administration ("VA") medical records to the Postal Officials. In his application he disclosed to the Post Office that he was then the holder of a 60% disability rating from the VA.

By letter dated February 22, 1984, Dr. James Ryan, the area medical officer for the Postal Service, requested Lofgren to provide a report from an orthopedic surgeon as to his then physical condition. Dr. Thomas Cochran, a board certified orthopedic surgeon wrote a letter on February 28, 1984 stating that plaintiff could work without restrictions and could perform all needed manual functions for a full 8 hour day.

I find that Dr. Ryan, relying mainly on the letter from Dr. Cochran, rated plaintiff suitable for work as a mail handler. I further find that in so evaluating plaintiff, Dr. Ryan gave considerable weight to the occupational history supplied by plaintiff, i.e., that he recently had been working 100 hours a week as a self-employed contractor and 30 hours a week on a seasonal basis as a cook. After Dr. Ryan's evaluation, plaintiff was hired and began work as a probationary mail distributor on March 31, 1984. Four days later Dr. Ryan received the papers requested from the VA and upon examining them Dr. Ryan noted major discrepancies between the occupational history given to the VA (Pltf. Ex. 4) and that given to the Postal Service (Pltf. Exs. 7 & 8).

The papers submitted by plaintiff to the Post Office certified that from January 5, 1981 to February of 1984 plaintiff had worked from 60 to 120 hours a week. However, Pltf. Exh. 4 shows that Lofgren told the VA that he had no employment from 1981 through January 23, 1983. Dr. Ryan also noted that while Lofgren told the VA that he was in constant pain, was stiff all the time, had difficulty climbing stairs, and was under continuous treatment, he nevertheless, told the Postal Service that he had no physical problems and that since 1979 he could lift, walk, bend and stoop without difficulty.

Dr. Ryan interviewed plaintiff about these discrepancies on April 12, 1984 and I find that plaintiff admitted to Dr. Ryan that he lied to the VA about his work history because he claimed that work was "under the table for tax purposes." I find that Dr. Ryan found plaintiff's attempted explanation to be unsatisfactory because of the major discrepancies between what plaintiff told the two federal agencies and I also find that Dr. Ryan acted properly in notifying the Postal Employee Relations unit of the above.

I find that, after reading Dr. Ryan's memorandum, James Curran the Acting Employee Relations Manager, who testified at trial, decided to terminate plaintiff for falsification and that Curran terminated plaintiff as of May 1, 1984 by letter of April 27, 1984. I find that when Curran decided to discharge plaintiff, Curran did not know that plaintiff was or claimed to be handicapped. Consequently I find that Curran did not discharge plaintiff because of plaintiff's alleged handicap.

To establish a *prima facie* case of handicap discrimination under §§ 501(b) and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791(b) and 794, the plaintiff must prove: 1) that he was a handicapped person within the meaning of the Rehabilitation Act; 2) that he was an otherwise qualified handicapped person; and 3) that he was excluded from the position he sought with the Postal Service solely by reason of his handicap; and 4) that the program in question receives federal financial assistance. *Strathie v. Department of Transportation,*

716 F.2d 227, 230 (3d Cir.1983). A handicapped person is defined in the Act as:

> any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.

Based on the above-stated findings of fact, I rule that plaintiff failed to prove that he was a handicapped person under the Rehabilitation Act, that he was an otherwise qualified handicapped person, or that he was excluded from the position he sought with the Postal Service solely by reason of his handicap and therefore failed to establish a *prima facie* case against the Post Service.

Even if the plaintiff has proved a *prima facie* case under the Rehabilitation Act, and the burden had shifted to the Postal Service to rebut the presumption of discrimination, I find that the Postal Service articulated a legitimate, non-discriminatory reason for discharging plaintiff. *Johnson v. Allyn & Bacon, Inc.,* 731 F.2d 64, 70 (1st Cir.1984), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1985). I further find that plaintiff failed to then sustain his burden of proving that the Postal Service's articulated reason for discharging plaintiff was pretextual. *Id.* at 71.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Complaint dismissed.
2. Judgment for defendant.