United States Court of Appeals,

Fifth Circuit.

No. 91–7350.

Summary Calendar.

Laura HICKEY, Plaintiff–Appellant,

v.

IRVING INDEPENDENT SCHOOL DISTRICT, et al. Defendants–Appellees.

Nov. 11, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff, Laura Hickey, sued the Irving Independent School District and several of its individual members (hereafter collectively "IISD"), alleging that IISD failed to accommodate her medical disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and tortiously exposed her to harmful substances, all while she was a student at Irving High School. The district court dismissed Hickey's complaint on the grounds that it was barred by the statute of limitations. Hickey contends that the district court erred in a) dismissing her claim as time-barred; b) dismissing her claim for lack of diversity; c) dismissing her claim under Fed.R.Civ.P. 12(b)(6); and d) referring her case to a magistrate without her consent. Because the district court erred in dismissing Hickey's complaint as time-barred, we reverse and remand.

I

Hickey's complaint[1] and motion to proceed in forma pauperis were received in the district court on September 9, 1991. *See* Record on Appeal at 7 (Findings, Conclusions and

---

[1]Hickey alleges that she attended Irving High School during the academic years 1986–87 and 1988–89, and that during that time she was disabled due to formaldehyde sensitization, a medical condition which made it impossible for her to tolerate substances containing formaldehyde, such as smoke, paint, and pesticides. Hickey claims that IISD failed to provide her with a learning environment which accommodated her disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1988). Hickey further maintains that IISD negligently and/or willfully injured her by exposing her to harmful chemicals.

Recommendation of the United States Magistrate Judge). The district court granted Hickey's motion to proceed in forma pauperis and referred her case to a United States magistrate. In her Findings, Conclusions and Recommendation, the magistrate found that 1) the limitations period applicable to Hickey's state and federal claims was two years; 2) Hickey's claims were time-barred, since she had last attended Irving High School during the academic year 1988–89—more than two years before the district court received her complaint on September 9, 1991; and 3) because Hickey's claims were time-barred, they lacked an arguable basis in law, and were subject to dismissal pursuant to 28 U.S.C. § 1915(d).[2] The Magistrate did not mention the possibility of tolling the statute of limitations. *See* Record on Appeal at 5–8. Hickey filed objections to the Magistrate's Findings, Conclusions and Recommendation, in which she argued that she did not reach the age of eighteen years until September 9, 1989, and that the statute of limitations should have been tolled until that date on account of her minority. *See id.* at 10. The district court adopted the magistrate's Findings, Conclusions and Recommendation and dismissed Hickey's complaint, without explicitly considering the possibility of tolling. *See id.* at 15–16.

II

Hickey argues that the district court erred in dismissing her claims as time-barred because the statute of limitations was tolled until she turned eighteen. We review the district court's ruling de novo. *See Kennedy v. Electricians Pension Plan, IBEW # 995*, 954 F.2d 1116, 1120 (5th Cir.1992) (district court's ruling—that statute of limitations was inapplicable—reviewed de novo).

The magistrate correctly concluded that the applicable statute of limitations was Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986), which provides that "[a] person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues." By its terms, section 16.003(a) applies to Hickey's state law personal injury claims. Furthermore, section 16.003(a) is the appropriate statute of limitations to use in connection with Hickey's claims

---

[2]Where a plaintiff proceeds in forma pauperis, "[t]he court ... may dismiss the case if ... satisfied that the action is frivolous...." 28 U.S.C. § 1915(d) (1988). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

under the Rehabilitation Act.

The selection of a limitations period applicable to Rehabilitation Act cases is governed by 42 U.S.C. § 1988, which directs the court to 1) follow federal law if federal law provides a limitations period; 2) apply the common law, as modified by state constitution or statute, if no limitations period is provided by federal law; but 3) apply state law only if it is not inconsistent with the Constitution and laws of the United States. *See* 42 U.S.C.A. § 1988(a) (West Supp.1992); *Wilson v. Garcia,* 471 U.S. 261, 267, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985) (describing three-step analysis provided in 42 U.S.C. § 1988).

Federal law does not provide a limitations period. The Rehabilitation Act provides that the "remedies [and] procedures ... set forth in title VI of the Civil Rights Act of 1964" are available to aggrieved persons proceeding under the Rehabilitation Act. *See* 29 U.S.C. § 794a(a)(2) (1988). However, title VI of the Civil Rights Act of 1964 does not provide a limitations period. *See* 42 U.S.C. §§ 2000d to 2000d–4a. Furthermore, the general federal statute of limitations, 28 U.S.C. § 1658, does not apply to the Rehabilitation Act of 1973, since it applies only to statutes enacted after December 1, 1990. *See* 28 U.S.C.A. § 1658 (West Supp.1992). Consequently, the district court was called upon to apply a state statute of limitations.

The district court was required to adopt, from the forum state, the statute of limitations governing the state cause of action most closely analogous to Hickey's Rehabilitation Act claims. *See Goodman v. Lukens Steel Company,* 482 U.S. 656, 660, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987) ("[F]ederal courts should select the most appropriate or analogous state statute of limitations."); *Bd. of Regents of the Univ. of New York v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980) ("[T]his Court has repeatedly "borrowed' the state law of limitations governing an analogous cause of action.").

This Court has not yet decided which Texas statute of limitations governs claims under the Rehabilitation Act. Texas law supplies several limitations periods, applicable to different types of

claims.[3] Of the state law claims governed by the Texas statutes of limitations, we find that personal

injury claims are most nearly analogous to the discrimination claims authorized by the Rehabilitation

Act.[4] As the Supreme Court has recognized, claims for discrimination are essentially claims for

personal injury. *See Goodman,* 482 U.S. at 661, 107 S.Ct. at 2621 (Actions pursuant to 42 U.S.C.

§ 1981, alleging racial discrimination, "are in essence claims for personal injury."); *Wilson,* 471 U.S.

at 280, 105 S.Ct. at 1949 (Claims under 42 U.S.C. § 1983, including those which allege

discrimination, "are best characterized as personal injury actions...."); *see also Price v. Digital

Equipment Corp.,* 846 F.2d 1026, 1028 (5th Cir.1988) (Section 16.003(a) applies to suit alleging

racial discrimination under 42 U.S.C. § 1981); *Cervantes v. IMCO, Halliburton Services,* 724 F.2d

511, 514 (5th Cir.1984) (Section 16.003(a) applies to section 1981 action for discrimination on the

basis of national origin). Because we find personal injury claims to be most nearly analogous to

Hickey's claims for discrimination, section 16.003(a), governing personal injury claims,[5] should be

---

[3]Texas' one-year statute of limitations applies to suits for "malicious prosecution, libel, slander, or breach of promise of marriage." *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.002 (Vernon 1986).

> Texas also provides a two-year limitations period for claims alleging injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, forcible detainer, and wrongful death. *See id.* § 16.003.

> A four year limitations period is applicable to claims for specific performance of real estate sales contracts, and for claims arising from the bond of a personal representative, or from the dissolution of a partnership. *See id.* § 16.004.

> The Texas statute which prohibits discrimination against handicapped persons and creates a civil cause of action for the redress of such discrimination does not contain a limitations period. *See* Tex.Hum.Res.Code Ann. §§ 121.003, 121.004 (Vernon 1990).

[4]The Rehabilitation Act provides that "[n]o otherwise qualified individual with handicaps in the United States ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794 (1988).

[5]Unlike some states, Texas has only one statute of limitations for personal injury actions. Consequently, we need not address the issues discussed in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.").

applied to Hickey's suit unless doing so would be inconsistent with federal law.

Application of section 16.003(a) to Rehabilitation Act cases is not inconsistent with federal law or the Constitution. The Supreme Court has observed that "[i]t is most unlikely that the period of limitations applicable to [personal injury] claims ... ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect." *Wilson,* 471 U.S. at 279, 105 S.Ct. at 1949. Furthermore, we note that other courts have applied two-year statutes of limitations governing personal injury claims to suits under the Rehabilitation Act.[6] None of these courts has found any conflict with federal law. Because we perceive no antagonism between federal law and the application of section 16.003(a), we hold that the magistrate correctly adopted section 16.003(a) as the statute of limitations applicable to Hickey's Rehabilitation Act claim.[7]

Nonetheless, the district court erred by dismissing Hickey's complaint without considering the possibility of tolling the statute of limitations on account of Hickey's minority. Hickey last attended Irving High School during the academic year 1988–89, which would have ended in May or June of 1989. Because that date preceded the district court's receipt of Hickey's complaint (on September 9, 1991) by more than two years, the magistrate found Hickey's claims to be barred by the

---

[6]*See, e.g., Bush v. Commonwealth Edison Co.,* 732 F.Supp. 895, 900 (N.D.Ill.1990); *DiMedio v. Girard Bank,* 1987 WL 9410 (E.D.Pa.1987), *aff'd,* 835 F.2d 282 (3rd Cir.1987). Several courts have applied three-year personal injury statutes of limitations to Rehabilitation Act claims. *See, e.g., Morse v. Univ. of Vermont,* 973 F.2d 122 (2nd Cir.1992), *aff'g* 776 F.Supp. 844, 850 (D.Vt.1991); *Doe v. Southeastern Univ.,* 732 F.Supp. 7, 9 (D.D.C.1990), *appeal dismissed,* 927 F.2d 1257 (D.C.Cir.1991); *Wallace v. Town of Stratford Bd. of Educ.,* 674 F.Supp. 67, 71 (D.Conn.1986).

[7]The Supreme Court has held that "[t]he federal interests in uniformity, certainty, and the minimization of unnecessary litigation" require the selection of a single statute of limitations from each state, to govern all actions under 42 U.S.C. § 1983. *Wilson,* 471 U.S. at 275, 105 S.Ct. at 1947. The Supreme Court has extended this holding to actions under 42 U.S.C. § 1981. *Goodman,* 482 U.S. at 661, 107 S.Ct. at 2617, *aff'g* 777 F.2d 113 (3rd Cir.1985). Because the federal interests noted in *Wilson* are no less pressing in the context of the Rehabilitation Act than in the contexts of section 1981 and section 1983, the Texas personal injury statute of limitations, section 16.003, should be applied uniformly to all claims under the 29 U.S.C. § 794. *Cf. Morse* at 4 ("The selection of one particular state statute of limitations applicable to all claims brought under § 504 [of the Rehabilitation Act, 29 U.S.C. § 794,] provides that certainty and consistency the lack of which was criticized in *Wilson* and *Goodman.*").

statute of limitations. However, Tex.Civ.Prac. & Rem.Code Ann. § 16.001 (Vernon 1986)[8] provides that the statute of limitations is tolled while the plaintiff is under the age of 18 years.[9] Consequently, the limitations period did not begin to run until Hickey turned 18, which she alleges to have occurred on September 9, 1989.[10] If that date was in fact Hickey's 18th birthday, her last day to file suit was September 8, 1991.[11] Since September 8, 1991 was a Sunday, Hickey had until Monday, September 9, 1991 to file her suit.[12] The district court received Hickey's complaint on September 9, 1991.[13] Therefore, if Hickey's 18th birthday actually was September 9, 1989, her claims were not barred by the statute of limitations. The district court erred in dismissing Hickey's complaint without considering the possibility that the statute of limitations was tolled on account of Hickey's minority.[14]

---

[8] Where a state statute of limitations is borrowed, the state's rules for tolling the statute are borrowed as well. *See Tomanio,* 446 U.S. at 485, 100 S.Ct. at 1795 (" "[B]orrowing' [of statutes of limitations] logically include[s] rules of tolling...." (citing *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975)); *see also Wilson,* 471 U.S. at 269, 105 S.Ct. at 1943.

[9] "[A] person is under a legal disability if the person is ... younger than 18 years of age.... If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." Tex.Civ.Prac. & Rem.Code Ann. § 16.001 (Vernon 1986).

[10] Because the district court did not consider tolling the statute of limitations on the basis of Hickey's minority, no finding of fact was made as to Hickey's age. *See* Record on Appeal at 5–8 (Findings, Conclusions and Recommendation of the United States Magistrate Judge).

[11] *See Trevino v. Castellow Chevrolet–Oldsmobile, Inc.,* 680 S.W.2d 71, 72–73 (Tex.App.—Corpus Christi 1984) (where four-year limitation period began to run on May 10, 1978, the last day to file suit was May 9, 1982), *rev'd on other grounds,* 690 S.W.2d 893 (Tex.1985).

[12] "If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business." Tex.Civ.Prac. & Rem.Code Ann. § 16.072 (Vernon 1986).

[13] Although the magistrate stated that Hickey's "claims ... were first received in [the district court] on September 9, 1991," Record on Appeal at 7, the docket sheet shows that Hickey's complaint was filed officially on September 16, 1991. *See* Record on Appeal, Civil Docket for Case #: 91–CV–1911, at 2. However, "[r]eceipt of the complaint by the court clerk, rather than formal filing, determines the time of filing." *Martin v. Demma,* 831 F.2d 69, 71 (5th Cir.1987) (applying Louisiana statute of limitations applicable to personal injury cases in federal civil rights action).

[14] Hickey's other arguments require only brief discussion.

Hickey asserts that the district court erroneously dismissed her complaint for want

### III

For the foregoing reasons, we REVERSE and REMAND for reconsideration of the timeliness of Hickey's complaint.

---

of subject matter jurisdiction, on account of lack of diversity. Although the magistrate noted that Hickey was "a former citizen of Texas," there is no indication that the district court's dismissal of Hickey's complaint was in any way premised on lack of jurisdiction. *See* Record on Appeal at 5–8 (Findings, Conclusions and Recommendation of the United States Magistrate Judge), 15–16 (Judgment and Order). This argument is therefore without merit.

Hickey also contends that the district court erred in dismissing her complaint pursuant to Fed.R.Civ.P. 12(b)(6). While the district court's judgment stated that Hickey's complaint was "dismissed pursuant to Rule 12(b)(6)," *see* Record on Appeal at 16, we are convinced, after reviewing the record, that Rule 12(b)(6) actually was not the basis for dismissal. Rule 12(b)(6) deals with the dismissal of complaints for "failure to state a claim upon which relief can be granted." *See* Fed.R.Civ.P. 12(b)(6). Neither a Rule 12(b)(6) motion nor any pleading was filed by IISD, whereby IISD could have asserted that Hickey failed to state a claim upon which relief could be granted. Furthermore, the magistrate's Findings, Conclusions and Recommendation neither mentioned Rule 12(b)(6) nor suggested that Hickey had failed to state a claim. Consequently, it is clear that the district court dismissed Hickey's complaint entirely on the basis of 28 U.S.C. § 1915(d), and that the district court's reference to Rule 12(b)(6) was inadvertent.

Lastly, Hickey argues that the district court erred by submitting her case to a magistrate without first obtaining her consent. We disagree. Hickey asserts that the magistrate proceeded under 28 U.S.C. § 636(c), which requires the consent of the parties. *See* 28 U.S.C. § 636(c) (1988). However, the magistrate did not exercise the powers conferred by § 636(c), such as ordering entry of judgment. *See id.* Furthermore, the magistrate explicitly stated that Hickey's case was referred to her pursuant to 28 U.S.C. § 636(b), *see* Record on Appeal at 5, which does not require the consent of the parties. *See* 28 U.S.C. § 636(b) (1988). Because the magistrate proceeded under § 636(b), and not § 636(c), Hickey's consent was not required.