**Christopher WOLSKY, Plaintiff–Appellee,**

v.

**MEDICAL COLLEGE OF HAMPTON ROADS, formerly known as Eastern VA Medical Authority, formerly known as Norfolk Area Medical Center Authority, Defendant–Appellant.**

No. 92–2275.

United States Court of Appeals, Fourth Circuit.

Argued March 30, 1993.

Decided July 28, 1993.

Alfred James Johnston, Post & Schell, P.C., Philadelphia, PA, argued (Sidney R. Steinberg, on brief), for defendant-appellant.

Stephen Pollak, Shea & Gardner, Washington, DC, argued (Linda D. Friedman, Leng, Stowell, Friedman & Vernon, Chicago, IL, on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, and WIDENER and HAMILTON, Circuit Judges.

## OPINION

ERVIN, Chief Judge:

The Medical College of Hampton Roads ("Medical College") appeals from an order entered by the district court denying its motion to dismiss, 795 F.Supp. 171. This is an interlocutory appeal, permission to appeal was granted under 28 U.S.C.A. § 1292(b), in which the Medical College raises one issue: whether the district court erred by applying the Virginia personal injury statute of limitations to the Federal Rehabilitation Act, 29 U.S.C. § 794. We hold that the district court did not apply the proper statute of limitations and reverse its decision.

I

Christopher Wolsky enrolled as a medical student at the Medical College of Hampton Roads in 1986. At the time he entered medical school, Wolsky suffered from a panic disorder. During Wolsky's first year at the Medical College, a resident diagnosed him as addicted to his panic disorder medication and ordered it changed. During his second and third years of medical school, Wolsky's academic performance worsened in part due to the side effects of his new medication for the panic disorder. In May 1990 Wolsky was dismissed from the Medical College. He applied for readmission both in August 1990 and February 1991 and was denied readmission on both occasions.

In April 1992 Wolsky filed suit against the Medical College claiming discrimination in his dismissal and subsequent denials of readmission based upon his alleged disability under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehabilitation Act"). Wolsky contends that his panic disorder is a disability under the Rehabilitation Act, and that the disorder's effects and complications resulted in his dismissal from the Medical College.

The Medical College filed a motion to dismiss Wolsky's complaint, alleging that the statute of limitations had expired. In its motion, the Medical College argued that since the Rehabilitation Act did not have a statute of limitations, the district court should apply the most analogous state statute of limitations. It believed that the most appropriate statute of limitations was that provided by the Virginia Rights of Persons with Disabilities Act, Va.Code Ann. §§ 51.5–40 to 46, (the "Virginia Act") which has a one-year statute of limitations. *See id.* The district court agreed that it should apply the most analogous state statute of limitations; however, it held that Virginia's statute of limitations for personal injury was more analogous than the Virginia Act's limitations period. Since the Virginia personal injury statute of limitations is two years, *see* Va. Code Ann. § 8.01–243(A), the district court held that Wolsky had filed the action in a timely manner. This appeal ensued.

## II

Congress occasionally omits statutes of limitations in civil rights legislation and did so when it enacted the Rehabilitation Act. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In the event of such an omission, 42 U.S.C. § 1988(a) provides for the selection of an appropriate common-law statute of limitations, which is most applicable to the federal action.[1]

In *Wilson,* the Supreme Court addressed the issue of which state statute of limitations should be employed when the federal statute omits a statute of limitations. *Id.* at 268, 105 S.Ct. at 1942. The *Wilson* Court stated that the central issue was "the selection of 'the most appropriate,' or 'the most analogous' state statute of limitations to apply." *Id.* (footnotes omitted). The Court opined that section 1988 required courts to look to the most appropriate statute in each individual state, and noted that uniformity within the state was critical. The *Wilson* Court held that the section 1983 claim before it was most closely analogous to a "tort action for the recovery of damages for personal injuries." *Id.* at 276, 105 S.Ct. at 1947. It found that the broad purposes of section 1983 and the variety of claims encompassed under it most closely resembled tort law.[2] The Supreme Court subsequently extended this reasoning to section 1981 claims in *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987).

At the outset we note that the statute at issue in the instant case is neither section 1981 nor section 1983, but section 504 of the Rehabilitation Act. The Act states that no otherwise qualified individual shall be discriminated against solely by reason of his or her handicap in any program that receives federal funding. Since the Rehabilitation Act does not provide its own statute of limitations and 28 U.S.C. § 1658, the general federal statute of limitations is not applicable in this case, the district court must turn to state law for an appropriate statute of limitations.

This case offers us the opportunity to answer the question we left open in *Eastman v.*

---

1. Section 1988(a) provides in relevant part:
   The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title and of Title "CIVIL RIGHTS," ... shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the States wherein the court having jurisdiction of such civil ... case is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause....

42 U.S.C.A. § 1988(a).

2. The Fifth Circuit ably paraphrased the *Wilson* Court's test of when to apply a state statute of limitations under section 1988:

   (1) follow federal law if federal law provides a limitations period; (2) apply the common law as modified by state constitution or statute, if no limitations period is provided by federal law; (3) but apply state law only if it is not inconsistent with the constitution and laws of the United States.

   *Hickey v. Irving Indep. School Dist,* 976 F.2d 980, 982 (5th Cir.1992). We find this test instructive in the instant matter.

*Virginia Polytechnic Inst. & State University*, 939 F.2d 204 (4th Cir.1991). There we concluded that the Rehabilitation Act neither provided for the award of compensatory damages for pain and suffering nor punitive damages. *Id.* at 209. The district court had held that the statute of limitations found in the Virginia Act was the most similar statute to the Rehabilitation Act. We declined, however, to decide which was the most appropriate statute of limitations to apply to the Rehabilitation Act; we decided the case on the grounds that the Rehabilitation Act does not provide the damages the plaintiff sought. This case requires us to decide that issue squarely.

The Virginia Rights of Persons with Disabilities Act was modeled after and is almost identical to the Rehabilitation Act. The Virginia Act prohibits discrimination on account of handicap status in any program receiving state funding. The Virginia Act's language tracks the Rehabilitation Act's language almost precisely. It, however, contains a one-year statute of limitations for filing an action.

Given that the Virginia Act is patterned after the Rehabilitation Act, the district court should have applied the statute of limitations found in the Virginia Act rather than the personal injury statute of limitations. *Wilson* requires district courts to look to the most appropriate state statute of limitations. We have held that federal courts should follow the limitations period set by the state in which the district court sits. *Almond v. Kent*, 459 F.2d 200, 203 (4th Cir.1972) (*citing O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914)).

The district court, however, attempted to follow the precedent of the other courts that have addressed this issue. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir.1992); *Morse v. University of Vermont*, 973 F.2d 122, 127 (2d Cir.1992); *Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 409–10 (6th Cir.1991). The reasoning in those cases was similar; the Rehabilitation Act is an anti-discrimination statute similar to section 1983 or Title VI of the Civil Rights Act of 1964. In those circuits the personal injury statutes were applied because Rehabilitation Act claims are injuries to individuals and analogous to personal injury claims.

*Morse* and *Hall* are readily distinguishable from the instant case on the grounds that the respective states had not enacted statutes forbidding discrimination against disabled persons or similar statutes. Those courts, on the one hand, could not consider applying a statute of limitations found in a state statute which had been modeled on the Rehabilitation Act. Virginia, on the other hand, seemingly intended its legislation to track the federal Act and provide its citizens with the same rights and remedies. The Virginia Act states

> The Department for Rights of Virginians with Disabilities shall promulgate such regulations as may be necessary to implement this section. Such regulations shall be consistent, whenever applicable, with regulations imposed under the Federal Rehabilitation Act of 1973. . . .

Va.Code Ann. § 51.5–43. Both statutes prohibit discrimination against handicapped persons by entities that receive either state or federal funding. *Id.* at § 51.5–40 and 29 U.S.C. § 794. Portions of the Virginia Act directly quote from the corresponding sections of the Rehabilitation Act. Both the Rehabilitation Act and the Virginia Act afford only equitable remedies. Applying the Virginia Act's statute of limitations is consistent with the mandates of *Wilson* and *Goodman*.

Only in *Hickey* did a court have the opportunity to apply a statute aimed at ending discrimination based on handicapped status. *Hickey*, 976 F.2d at 982. There the court noted, however, that "[t]he Texas statute which prohibits discrimination against handicapped persons and creates a civil cause of action for redress of such discrimination does not contain a limitations period." *Id.* at 982–83 n. 3. Therefore, it had to look to another statute. In a footnote the *Hickey* court examined numerous possible applicable statutes of limitations before deciding to use the one contained in the Texas personal injury statute. *Id.* In the instant action the district court should have looked no further than the Virginia Act.

The district court drew an analogy between this action and a Title VI action. Since Title VI has no statute of limitations, the court extended the analogy to section 1981 and 1983 actions. The district court's reasoning overlooked the fact section 1983 actions cannot have parallel state law provisions. Therefore, district courts have to look to more general statutes and their limitations periods. The *Wilson* Court noted that

> [b]ecause the § 1983 remedy is one that can "override certain kinds of state laws" and is, in all events, "supplementary to any remedy any State might have," it can have no precise counterpart in state law. Therefore, it is the "purest coincidence" when state statutes or the common law provide for equivalent remedies; any analogies to those causes of action are bound to be imperfect.

*Wilson*, 471 U.S. at 272, 105 S.Ct. at 1944 (citations omitted). Given that a section 1983 action does not have a counterpart in state law, a general personal injury statute of limitations may be appropriate. *Wilson* acknowledged that minor differences between state and federal statutes are acceptable and the most analogous statute need not be identical. *Id.* In the instant matter, however, the Rehabilitation Act does have an exact state law counterpart.

Wolsky contends that the exact counterpart or most similar state statute analogy is not appropriate, but fails to demonstrate precisely how it is inappropriate. He argues that even if the exact counterpart analysis is correct, the Virginia Act exempts some discrimination that the federal law permits and therefore that the Virginia Act is not an exact counterpart. We find the distinctions between the two statutes are not significant enough to decline applying the statute of limitations as set forth in the Virginia Act.

### III

Given that the Virginia Act is modeled after the Rehabilitation Act, we break with the conclusions of the other circuits to apply a personal injury statute of limitations. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir.1992); *Morse v. University of Vermont*, 973 F.2d 122, 127 (2d Cir.1992);

*Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 409–10 (6th Cir.1991); *Andrews v. Consolidated R.R. Corp.*, 831 F.2d 678, 683 (7th Cir.1987). The Virginia Act is the most analogous statute, and its statute of limitations is applicable. Therefore, the decision of the district court is reversed and the case is remanded to the district court with instructions to dismiss Wolsky's claim.

REVERSED AND REMANDED.