Green v. Hooksett Police Department   CV-94-581-M   12/06/95

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Robert Green

    v.                         Civil Action No. 94-581-M

Hooksett Police Department

## O R D E R

Currently before the court is Plaintiff's Motion to Amend Complaint (document no. 12). For the reasons discussed below, the motion is granted.

### BACKGROUND

The plaintiff, Robert Green, instituted the underlying Americans with Disabilities Act claim on November 18, 1994, against the Hooksett Police Department.

The complaint is premised on allegations that plaintiff applied for reinstatement with the police department, following a disability leave, and the defendant refused to reinstate him based on plaintiff's record of having a physical impairment and the perception that plaintiff has a physical impairment. The complaint alleges that the conduct of the defendant is in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

On November 6, 1995, plaintiff filed a motion to amend his complaint. Pursuant to Fed. R. Civ. P. 15(a), plaintiff seeks to

amend his complaint in order to add a claim under the Rehabilitation Act of 1973.

The defendant vehemently objects to plaintiff's motion.

DISCUSSION

The decision to grant or deny a Fed. R. Civ. P. 15 motion to amend lies within the sound discretion of the district court. Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983). This discretion, however, is subject to stricture--it is mandated that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962). "The clearest cases for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims or defenses." 3 James Wm. Moore & Richard D. Freer, Moore's Federal Practice 15.08[3], at 15-55 - 15-56 (1994) (footnotes omitted). The reason for generous allowance of amendments is a broad policy underlying the Federal Rules of Civil Procedure that in most instances, disputes should be decided on their merits. Id. Amendments are not to be denied solely on the basis of delay. Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19-20 (1st Cir. 1979); Merrimack Street Garage, Inc. v. General Motors Corp., 667 F. Supp. 41

2

(D.N.H. 1987). Contrastingly, amendments which unfairly prejudice a litigant should not be granted. DCPB, Inc. v. Lebanon, 957 F.2d 913, 917 (1st Cir. 1992). Therefore, in the absence of undue delay, bad faith, dilatory motive, undue prejudice, or futility, amendments are generally allowed. Foman, 371 U.S. at 182; Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990).

Having laid the groundwork pertaining to what extent amendments shall be allowed, the court now considers plaintiff's motion and defendant's arguments in response thereto.

As support for his motion to amend, plaintiff states that the amendment will not result in any unfair surprise or undue prejudice to the defendant because the claim arises out of the same set of operative facts as the claim under the Americans with Disabilities Act (ADA), and is in fact nearly identical to his claim under the ADA. Plaintiff maintains that the reason for his filing an amendment approximately one month before trial is that he just received, from the defendant, information confirming that the Hooksett Police Department received federal funds, a fact necessary for an action based on the Rehabilitation Act.

Defendant asserts that plaintiff's proposed amendment should be denied as futile. Defendant premises his futility belief on three arguments: 1) plaintiff's proposed amendment fails to

establish a prima facie case under the Rehabilitation Act in that plaintiff's condition did not and/or does not constitute a permanent handicap within the meaning of the Rehabilitation Act; 2) plaintiff fails to establish a prima facie case under the Rehabilitation Act in that he was not an otherwise qualified handicapped individual; and 3) plaintiff's Rehabilitation Act claim is barred by the applicable statute of limitations period. The court will address each of these arguments.

I.  Permanent Injury

Defendant states that plaintiff should not be allowed to amend his complaint to add a claim under the Rehabilitation Act because his condition did not constitute a "handicap," as that term is defined under the Rehabilitation Act.  Defendant states that plaintiff has indicated that he was able to return to work without restriction or limitation in January 1993.  Consequently, plaintiff is unable to satisfy his burden, under the Rehabilitation Act, of establishing that his handicap is permanent in nature.

"The Rehabilitation Act of 1973 ("Act") was the first major federal statute designed to provide assistance to the population of handicapped people in this country."  DesRoches v. U.S. Postal Service, 631 F. Supp. 1375, 1378 (D.N.H. 1986).  "Section 501 of

4

the Act, 29 U.S.C. § 791, contains various provisions for encouraging the federal government to employ the handicapped." Id.

"To establish a prima facie case of handicap under §§ 501(b) and 504 of the Act, a plaintiff must establish that: 1) [he] was a handicapped person within the meaning of the Rehabilitation Act; 2) [he] was an otherwise qualified handicapped person; and 3) [he] was excluded from the position [he] sought . . . by reason of [his] handicap." Boldini v. Postmaster General U.S. Postal Service, No. 91-680-L (D.N.H. May 11, 1995).

"In handicap discrimination cases brought pursuant to federal law, the claimant bears the burden of proving each element of [his] chain." Cook v. Department of Mental Health, Retardation, & Hosps., 10 F.3d 17, 22 (1st Cir. 1993); see Joyner v. Dumpson, 712 F.2d 770, 774 (2d Cir. 1983); Sedor v. Frank, 756 F. Supp. 684, 686 (D.Conn. 1991).

Under the Rehabilitation Act, a handicapped person is defined as:

> any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.

Lofgren v. Casey, 642 F. Supp. 1076, 1078 (D.Mass. 1986).

5

In order to recover under the Rehabilitation Act, a plaintiff's impairment must be permanent in nature. <u>Paegle v. Department of Interior</u>, 813 F. Supp. 61, 64 (D.D.C. 1993); <u>see also</u> <u>Presutti v. Felton Brush, Inc.</u>, No. 94-264-L (D.N.H. August 23, 1995). As stated in <u>Paegle</u>, 813 F. Supp. at 64, "the [Rehabilitation] Act identifies a handicap as a severe disability <u>of a permanent nature</u>." Emphasis added. Further, the regulations pertinent to the Rehabilitation Act "define `physical or mental impairment' to include any of a number of <u>permanent</u>, disabling conditions." <u>Id.</u> (emphasis added).

In the instant case, a review of the record does not lead this court to unequivocally believe that plaintiff's condition was temporary in nature. Defendant inappropriately draws this conclusion from the fact that plaintiff was able to return to work. Defendant would apparently have this court bar a plaintiff from asserting a Rehabilitation Act claim merely because the plaintiff was able to return to work without limitation or restriction. Taking this type of approach would directly circumvent the Rehabilitation Act's purpose of providing assistance and removing barriers to the population of handicapped people. Irrefragably, the Rehabilitation Act seeks to protect the employment rights of handicapped individuals, who are otherwise qualified for the job, by ensuring that they do not

6

receive disparate treatment due to their handicap. It is not beyond the realm of possibility that a plaintiff may have a permanent handicap but, nonetheless, is otherwise qualified for a particular position.

In light of the above discussion, defendant's contention that plaintiff's condition should automatically be regarded as a temporary condition, given plaintiff's representation that he was able to return to work without restriction or limitation in January 1993, is without merit. Consequently, plaintiff's amendment will not be precluded on this basis.

## II. Otherwise Qualified

Defendant next contends that allowing plaintiff to amend to include a Rehabilitation Act claim would be futile in that plaintiff cannot make the required prima facie showing that he was "otherwise qualified" to perform the position of patrol officer when he was conditionally terminated by the department in January 1992. Further, according to defendant, plaintiff does not allege that he could have met the essential functions of the patrol officer position, with or without reasonable accommodation, until almost a year after he was terminated.

From a practical standpoint, this court is hesitant to subscribed to the "otherwise qualified" argument offered by

7

defendant.  The argument offered by the defendant appears to be factually driven and a court should refrain, in amendment contexts such as this, from automatically accepting as true those facts and inferences offered by the party opposing the amendment.

Defendant's arguments, factually based as they are, appear more appropriately suited to a motion for summary judgment. Whereas a motion for summary judgment seeks resolution of a controversy when there is no dispute as to either material fact or inferences to be drawn from undisputed facts, the concern behind a motion to amend is somewhat different.  Succinctly, a motion to amend might typically be granted, in the interests of justice, unless doing so would be futile.  A claim is futile when it cannot survive a motion to dismiss.  See Nigrelli v. Catholic Bishop, 794 F. Supp. 246, 248 (N.D.Ill. 1992).  In applying the standard for a motion to dismiss, a court must accept all of plaintiff's factual allegations as true and will construe all reasonable inferences arising from those facts in favor of the plaintiff.  Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-75 (1965); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).  In the end, a motion to dismiss may be granted "if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."  Correa-Martinez, 903 F.2d at 52.

8

Given the fact-sensitive nature of the issue of whether plaintiff was indeed "otherwise qualified," as that term is used under the Rehabilitation Act, defendant's assertion that plaintiff's amendment would be futile is without basis. Accordingly, plaintiff's request to amend should not be precluded on this basis.

III. Statute of Limitations

Defendant contends that plaintiff's motion to add a claim under the Rehabilitation Act should be denied because such a claim is barred by the Act's limitations period. Defendant states that because Congress provided no statute of limitations for claims brought pursuant to section 504 of the Rehabilitation Act, this court is obligated to borrow from and apply the limitations period from the state statute most analogous to the Rehabilitation Act. Defendant represents that the analogous state statute is New Hampshire's equal employment opportunity statute, N.H. Rev. Stat. Ann. (RSA) 354-A. Defendant further represents that a claim brought pursuant to RSA 354-A must be filed within 180 days after the alleged act of discrimination. Consequently, defendant asserts that plaintiff only had 180 days after the alleged act of discrimination in which to file a claim under the Rehabilitation Act. Plaintiff having failed to timely

9

file, defendant contends the request to amend is futile.

The Rehabilitation Act, similar to many federal civil rights statutes, does not contain a specific limitations period. In the situation where a limitations period is not prescribed in the statute, Congress has directed the courts to select the most appropriate state statute of limitations to apply to the federal action. 42 U.S.C. § 1988(a) (West Supp. 1994). "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitations as federal law if it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S. Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). This process encompasses a two-part analysis. First, in selecting the applicable statute, a court is obligated to select the state statute that is "most analogous" to the federal claim. Id. at 268. See also Goodman v. Lukens Steel Co., 482 U.S. 656, 660, 107 S. Ct. 2617, 2620, 96 L.Ed.2d 572 (1987). Second, a court should determine whether application of the appropriate state statute limitations period is consistent with the federal statute and its underlying policies. Wilson, 471 U.S. at 266-68.

This court's first inquiry, therefore, is to ascertain which New Hampshire statute is most analogous to a Rehabilitation Act claim. In determining an analogous state statute, this court is

10

cognizant of the fact that other jurisdictions have resolved the issue by concluding that claims under the Rehabilitation Act are properly characterized as ones for personal injuries. See Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993); Bush v. Commonwealth Edison Co., 990 F.2d 928, 933 (7th Cir. 1993), cert. denied, --- U.S. ---, 114 S. Ct. 1648, 128 l.Ed.2d 367 (1994); Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 983 (5th Cir. 1992); Morse v. University of Vermont, 973 F.2d 122, 127 (2d Cir. 1992); Hall v. Knott County Bd. of Educ., 941 F.2d 402, 407-08 (6th Cir. 1991), cert. denied, --- U.S. ---, 112 S. Ct. 982, 117 L.Ed.2d 144 (1992). These jurisdictions, therefore, have applied the state personal injury statute of limitations to Rehabilitative Act claims. Id.

By comparison, still other jurisdictions have taken a different approach to the issue by holding that state personal injury statutes are not typically the most analogous to the Rehabilitation Act. McCullough v. Branch Banking & Trust Co., 35 F.3d 127 (4th Cir. 1994); Wolsky v. Medical College of Hampton Rds., 1 F.3d 222 (4th Cir. 1993). These jurisdiction have determined that state statutes, specifically addressing discrimination of disabled or handicapped individuals, are more analogous to the Rehabilitation Act. It is the limitations period from these statutes which have been applied to

11

Rehabilitation Act claims.

Although this court has not, in the past, resolved the issue of which New Hampshire statute is most analogous to the Rehabilitation Act, a recent decision by this Court, addressing a substantially similar issue, provides very meaningful guidance. In Doukas v. Metropolitan Life Ins. Co., 882 F. Supp. 1197, 1220 (D.N.H. 1995), this court held that "a claim for discrimination brought under the ADA is best characterized as a claim for personal injury." See, e.g., Goodman, 482 U.S. at 661 (characterizing discrimination as "a fundamental injury to the individual rights of a person"); Hickey, 976 F.2d at 983 (As the Supreme Court has recognized, claims for discrimination are essentially claims for personal injury").

In characterizing ADA claims as personal injury actions rather than actions under RSA 354-A (New Hampshire's Law Against Discrimination), Doukas held that RSA 354-A is merely an administrative process whereas the ADA affirmatively creates a private right of action. Doukas, 882 F. Supp. at 1201. The court further concluded that "the burden of pursuing a private right of action under the ADA is much greater than the burden of filing a complaint [pursuant to RSA 354-A] of discrimination with the New Hampshire Commission for Human Rights, which is thereafter obligated to conduct an investigation into the

12

circumstances surrounding the complaint.  Id.  The court finally determined that "requiring individuals to identify a violation of their civil rights under the ADA, evaluate whether that violation warrants the initiation of a federal action, and actually initiate the suit within 180 days of the discriminatory conduct complained of is inconsistent with the ADA's broad objectives." Id.

Turning attention to the case at hand and recognizing the substantial similarities between the ADA and the Rehabilitation Act, this court is content that the reasoning enunciated in Doukas is applicable here.  Notably, RSA 354-A does not create a private right of action but merely "creates an administrative scheme to handle complaints of discrimination in employment, in places of public accommodation, and in housing accommodations." Id. at 1200; see also Rowe v. Foster's Daily Democrat, No. 94-623-SD (D.N.H. August 24, 1995) ("RSA 354-A, as a matter of law, only serves as a vehicle, rather than an independent avenue, for bringing an otherwise uncognizable claim of discrimination in New Hampshire state courts").  RSA-354-A also provides that a complainant is not entitled to forego the administrative process and proceed directly to state court.  The Rehabilitation Act, on the other hand, "contains no per se exhaustion requirement; parties may proceed directly to district court."  J.L. v. Social

13

<u>Sec. Admin.</u>, 971 F.2d 260, 264 (9th Cir. 1992). Further, according to RSA 354-A, although a complainant is entitled to seek judicial review of an adverse order by the Commission, that review is limited. <u>See</u> 354-A:22. The Rehabilitation Act, conversely, provides few limitations on a court's review. "Congress unequivocally expressed its intent [in the Rehabilitation Act] to provide handicapped victims of government discrimination a private right of action for damages against the government discriminator." <u>Doe v. Attorney General of U.S.</u>, 941 F.2d 780, 789 (9th Cir. 1991).

In light of the dramatic differences, both procedural and substantive, between the Rehabilitation Act and RSA 354-A, this court will refrain from applying a statute of limitations period from an administrative scheme to an Act that creates a private right of action and provides for affirmative redress of discriminatory practices. It would, after all, be inappropriate, in a Rehabilitation Act case, to apply a 180 day limitations period from an administrative scheme that "encourages conciliation and private settlement through the [state] agency's intervention in live disputes." <u>Burnett v. Grattan</u>, 468 U.S. 42, 45-46, 104 S. Ct. 2924, 2932, 82 L.Ed.2d 36 (1984); <u>see</u> <u>also</u> <u>Doukas</u>, 882 F. Supp. at 1201. This court concludes that the 180-day limitations period set forth in RSA 354-A is not the most

14

appropriate state statute of limitations to apply in a Rehabilitation Act case.

By contrast, "RSA 508:4 is New Hampshire's residual or general personal injury statute of limitations." Doukas, 882 F. Supp. at 1201. RSA 508:4 states that "[e]xcept as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of . . . ." RSA 508:4, I (Supp. 1993).

The court concludes that RSA 508:4 is the state statute most analogous to claims presented under the federal Rehabilitation Act. This being the case, the correlating statute of limitations that applies to RSA 508:4 claims, and therefore Rehabilitation Act claims, is three years. This court further opines that the application of RSA 508:4 to plaintiff's Rehabilitation Act claim is not inconsistent with any federal law or policy. Accordingly, defendant's assertion that plaintiff's proposed amendment is futile, as barred by the statute of limitations period, is without merit. Plaintiff's motion to amend should not be denied on this basis.

Aside from the above-mentioned determination, defendant's assertion that plaintiff's claims are time barred because his proposed amendment does not "relate back" to the filing date of the original Complaint is simply inaccurate. As defendant is no

15

doubt aware, the substantial similarities between the ADA and the Rehabilitation Act is not merely coincidental. Further, courts construing one act typically look to the other for guidance in resolution. Presutti v. Felton Brush, Inc., No. 94-264-L (D.N.H. August 23, 1995); Paegle, 813 F. Supp. at 61. In short, the conduct implicated by the proposed Rehabilitation Act amendment appears not to be different than the conduct which forms the basis of plaintiff's original ADA claim. Relation back shall, therefore, be permitted. See Zee-Bar, Inc. v. Kaplan, No. 88-608-B (D.N.H. January 22, 1993).


CONCLUSION

After careful consideration, the court is content that the interests of justice dictate that plaintiff should be allowed to amend his complaint to add a claim premised on the Rehabilitation Act. A review of the proposed amendment reveals that allowing such amendment will not result in any unfair surprise or undue prejudice in that the claim is premised on the same general set of operative facts as plaintiff's ADA claim. Further, given plaintiff's representation that allowing the amendment will not result in any undue delay of the trial scheduled for January

16

1996, Plaintiff's Motion to Amend Complaint (document no. 12) is appropriately granted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   December 6, 1995

cc:   Eleanor H. MacLellan, Esq.
      Daniel P. Schwarz, Esq.